WILLARD MANUEL *vs.* SAMUEL W. BATES & another.

The magistrate's certificate required by the Gen. Sts. *c.* 124, § 5, to be annexed to an execution in order to arrest the judgment debtor thereon, need not in terms authorize an arrest in the daytime.

A magistrate's certificate under the Gen. Sts. *c.* 124, §§ 5, 8, subjoined to the affidavit of the judgment creditor, and annexed to the execution, in these terms: "I certify that, after due hearing, I am satisfied there is reasonable cause to believe that the charge made in said affidavit is true; and satisfactory cause having been shown, I hereby authorize the arrest of the said debtor, if his arrest is authorized by law, to be made after sunset," authorizes an arrest of the debtor before sunset.

CONTRACT against Bates as surety and Edward Crane as principal, on a recognizance entered into by them in the usual form under the Gen. Sts. *c.* 124, § 10, before a master in chancery, upon the application of Crane to take the oath for the relief of poor debtors, in order to obtain release from arrest on an execution, issued in favor of the plaintiff upon a judgment recovered by him against Crane in the superior court, for $3450. The alleged breach of the recognizance was the failure of Crane to surrender himself for examination. Writ dated February 5, 1869.

By the copies, appended to the recognizance, of the affidavit and magistrate's certificate annexed to the execution as authority for the arrest, it appeared that the affidavit was made by Daniel C. Linscott in behalf of the judgment creditor, "that the judgment on which the said execution has been issued amounted to twenty dollars exclusive of all costs which make part of said judgment, whether the same have accrued in the last action, or any former action on the same original cause of action, and that twenty dollars of that amount remains uncol-

lected, and that I believe and have good reason to believe that the debtor Edward Crane has property not ·exempt from being taken on execution which he does not intend to apply to the payment of the judgment creditor's claim ; " and that the magistrate's certificate was as follows :

" Commonwealth of Massachusetts. Suffolk, ss. December 1, A. D. 1868. Personally appeared the above named D. C. Linscott before me, and made oath that the above affidavit, by him subscribed, is true ; and I certify that, after due hearing, I am satisfied there is reasonable cause to believe that the charge made in the said affidavit is true ; and satisfactory cause having been shown, I hereby authorize the arrest of the said debtor, if his arrest is authorized by law, to be made after sunset.

"J. B. Richardson, Master in Chancery."

The answer alleged " that the certificate of the magistrate, upon which the alleged arrest of Crane was made, as set forth in the declaration, was on its face illegal, invalid and contrary to law, in this, that, instead of showing a special authorization of arrest upon satisfactory cause shown to the magistrate, it left to the arresting officer to determine whether or not the arrest in this case was authorized by law to be made, thus throwing upon such officer the responsibility of decision which the law imposes upon the magistrate making such certificate, and that consequently all subsequent proceedings founded on such certificate were without authority and of no legal force or effect, and therefore that Crane was not bound in law to surrender himself up or to perform the conditions of the recognizance." *

---

* The Gen. Sts. *c.* 124, § 5, provide that " no person shall be arrested on an execution issued for debt or damages in a civil action, except in actions of tort, unless the judgment creditor or some person in his behalf, after execution is issued amounting to twenty dollars exclusive of all costs," " and while so much as that amount remains uncollected, makes affidavit and proves to the satisfaction of some magistrate named in § 1," (including masters in chancery,) either of five specified charges, the first of which is, " that the debtor has property not exempt from being taken on execution, which he does not intend to apply to the payment of the plaintiff's claim." " And such affidavit and the certificate of the magistrate that he is satisfied there is reasonable cause to believe the

At the trial in the superior court, before *Putnam*, J., the breach of the recognizance was admitted; and it appeared that Crane was arrested before sunset. The judge ruled that the certificate of the magistrate authorized an arrest before sunset; and directed a verdict for the plaintiff. The defendants alleged exceptions.

*H. F. Smith*, for the defendants.

*D. C. Linscott*, for the plaintiff, was not called upon.

BY THE COURT. The certificate of the magistrate, that he is satisfied there is reasonable cause to believe that the charge made in the affidavit is true, is independent of the clause that follows it, and authorizes an arrest in the daytime. Such an arrest was made. Its construction is not varied by the clause that follows it, namely: "and satisfactory cause having been shown, I hereby authorize the arrest of the said debtor, if his arrest is authorized by law, to be made after sunset." The last clause is immaterial, there having been no arrest after sunset.

*Exceptions overruled.*