## BONESTEEL vs. BONESTEEL and another.

*Damages for False Imprisonment — Malice, evidence of — Counsel Fees, allowed on Proof of Liability therefor — Costs.*

1. Where, *upon the advice of counsel*, the defendants applied to the *judge of a court of general jurisdiction* for a writ of *ne exeat* against the plaintiff, and it was allowed, without authority of law, and the plaintiff was arrested thereon: *Held*, that these facts do not furnish evidence of express malice, nor authorize *punitive* damages.

2. Upon the facts of this case, (28 Wis., 248,) *held* that there was a technical arrest and imprisonment of the plaintiff, but nothing more.

3. A request afterwards made of the judge (by telegram) not to vacate the writ or discharge the plaintiff until defendants could be heard, and a statement by defendants under oath that they were displeased when they heard of the discharge, and disapproved of the action of the judge in granting it—*held* insufficient to show malice.

4. The *actual* damage suffered by plaintiff in consequence of such arrest and imprisonment may be recovered, including counsel fees and other expenses incurred in procuring his discharge.

5. The complaint averring that plaintiff was compelled, in consequence of such arrest, " to employ counsel to procure his release, at an expense of $60," and *not* averring that he had *paid* that amount, he may recover on proof of his *liability* therefor.

6. The order of discharge allowed plaintiff $10 as costs of his motion. *It seems* that under the circumstances of this case the judge ought to

have denied costs unless plaintiff would undertake not to bring an action for the illegal arrest.

7. Whether the $10 so allowed should be deducted from the $60 to be recovered for counsel fees, is not decided.

APPEAL from the Circuit Court for *Dodge* County.

Action to recover damages for an alleged false imprisonment. Defendants, by their answer, admitted the arrest of plaintiff under a writ of *ne exeat*, issued upon an affidavit subscribed by one of defendants, but justified on the ground that they had acted solely on the advice of counsel, and without malice. The facts appear in the opinion, and in the former report of the same case, 28 Wis., 248. The court, by its instructions, submitted the question of exemplary damages to the jury, charging that if the assault and imprisonment was accompanied by circumstances of aggravation or insult, or of malice, they might, in their discretion, assess in addition to compensatory damages, exemplary or punitive damages. The court refused to instruct the jury, as requested by defendants, that if the item of damages claimed by plaintiff· for counsel fees had not been actually paid, plaintiff was not entitled to recover therefor. Verdict for plaintiff in the sum of five hundred dollars, and a motion to set aside the verdict and for a new trial being overruled, defendants appealed from the judgment on the verdict.

*Coleman & Thorp*, for appellants, to the point that, there being no evidence of malice on the part of the defendants, the court erred in its instruction to the jury upon the question of punitive or exemplary damages, cited *Kennedy v. North Missouri R. R. Co.*, 36 Mo., 351; *Mil. & Miss. R. R. Co. v. Finney*, 10 *Wis.*, 388; *West v. Smallwood*, 3 M. & W., 418; *Von Latham v. Libby*, 38 Barb., 339; *Center v. Spring*, 2 Iowa, 393; *Edwards v. Beebe*, 48 Barb., 106; Sedgwick on Damages, 34, 528, and cases cited. The appellants having acted in good faith and upon the advice of counsel, are not legally liable to pay exemplary or vindictive damages, even though their counsel may have mistaken the law. *Stone v. Swift*, 4 Pick., 389. The dis-

pleasure of the defendants towards Judge McLean because he vacated the writ of *ne exeat*, is no evidence of malice under the circumstances of this case. *Wood v. Barker*, 1 Ala. Select Cases, 311; *Jackson v. Schmidt*, 14 La. Ann., 818. To the point that the court erred in refusing to instruct the jury, as requested by defendants, that counsel fees must have been actually paid to entitle defendants to recover therefor, counsel cited *Pritchett v. Boevey*, 1 C. & M., 775; *Jones v. Lewis*, 9 Dowl. P. C., 143; *Ward v. Haws*, 5 Minn., 440.

*Gerrit T. Thorn*, for respondent, as to the question of counsel fees, cited *Pritchett v. Boevey*, *supra; Foxall v. Barnett*, 2 Ellis & Blackburn, 298; *Williams v. Garrett*, 12 How. Pr., 456. The action being for false imprisonment, which is an injury to the person, falling under the head of trespass, malice need not be proved, it being implied. In this respect there is a clear distinction between the actions of false imprisonment and malicious prosecution. *Brown v. Chadsey*, 39 Barb., 253; Hilliard on Remedies for Torts, 239; *Bracket v. Eastman*, 17 Wend., 32; *Chapman v. Dyett*, 11 Wend., 31; *Coats v. Darby*, 2 Comst., 517.

DIXON, C. J. We quite agree with counsel for the defendants that there was no evidence of malice or willful misconduct on the part of the defendants, in procuring the writ of *ne exeat*, or in causing it to be executed and the plaintiff arrested, for which smart-money or punitory or exemplary damages ought to have been given. The defendants made the application upon the advice of the counsel, and the same was submitted to the judge of a court of superior and general jurisdiction, by whom the writ was allowed and the arrest ordered. To be sure, counsel were in error and so was the judge, but there is not the slightest evidence that there was anything more than mere misapprehension or error on the part of the defendants, the same as on the part of their counsel, and of the judge of the court. It was error on the part of the defendants, induced by the advice of counsel and the action of the judge, in allowing the writ.

The telegraphic dispatch subsequently sent to the judge, requesting him not to vacate the writ or to discharge the plaintiff from arrest until a hearing could be had, and the statements of the defendants in their depositions, that they were displeased when they heard of the plaintiff's discharge, or did not approve of the action of the judge in discharging him, must go for nothing as evidence of malice in them, or that the application was prompted by vindictive, wrongful or improper motives.

For all that appears, they were prosecuting the action against the plaintiff, and in which the arrest was made, in entire good faith, advised by counsel, and fully believing that the steps taken in it were legal and proper. The advice of counsel alone ought, under such circumstances, to be sufficient to repel all presumptions of malice. The effort to save the arrest or prevent the discharge, made, as it was, through counsel and by their advice, it is presumed, was no more than any suitor might reasonably be expected to do in like case. The order of arrest, or allowance of the writ was *ex parte*, and hence, the vacation of it might be, and counsel wished to be heard. And as to the expressions of disappointment at, or disapproval of, the discharge, the time has long since gone by, if it ever was, when these, or even something more or stronger, can be regarded as evidence of malice in the defeated party to a law-suit. This poor satisfaction, all that the disappointed suitor has, he is expected to take without stint or limitation, *secundem artem*, as a kind of sacred privilege and necessary relief in the hour of his distress, which no ruthless hand shall invade and no court or jury trespass upon or take away. In tender consideration for the weaknesses of the flesh, and the vexations and torments of an unfortunate litigation, the unlucky suitor is not to be followed with false imprisonment and malicious prosecutions, and mulcted in damages for his mere expressions of disappointment at the result. "After all, however, clients are entitled to be captious impatient and unreasonable." Mr. WARREN, *in Adventures of an Attorney in Search of Practice*, ch. xi.

We believe, even, it has not unfrequently happened, that officers of the courts, grave and wise attorneys and counselors, have indulged in very strong expressions on such occasions, and yet no one has ever supposed that prosecutions and punitory or vindictive damages should ensue.

Upon the facts of this case, therefore, as they appear to us, there was no ground whatever for giving the plaintiff anything more than actual or compensatory damages, growing out of the unlawful arrest. The special damages laid down in the complaint, for counsel fee and expenses in procuring his discharge from arrest, seems to have been proved by the plaintiff. Beyond the special damage, so laid and proven, we do not see that any actual damage was shown. It is objected that such special damage cannot be recovered, because it was not shown that the counsel fee and expenses had actually been paid by the plaintiff. In *Pritchet v. Boevey*, 1 C. & M., 775, it was held that only the costs paid could be recovered, and not those agreed to be paid, because the declaration was so framed as to cover only the former, and not the latter. In this case, however, the allegation is that the respondent was specially damaged by being compelled to employ counsel to procure his release from imprisonment, at an expense of $60. It is not specifically averred that the counsel fee and expenses had been paid, or that the pleader has not restricted himself to proof of payment in fact, as in *Pritchet v. Boevey*. That case clearly recognizes the right of action for expenses incurred, though not paid; the liability of the plaintiff to pay them being set out as the ground of damage, and we are very clear that this view of the law was correct. It seems in this case that the plaintiff was allowed $10 costs of the motion upon ordering his discharge. Whether these costs should be deducted from the $60 or not, we will not undertake to say. It does not appear that the $10 have ever been paid, and if they have it may be that they ought not to be deducted, though the case seems to have been one where it would have been eminently proper for the judge, according to

the English practice, to have refused costs, unless the plaintiff would undertake not to bring an action for the illegal arrest.

The point that upon the evidence no arrest or imprisonment was shown, must, we think, be overruled.   There was undoubtedly a technical arrest and imprisonment, although barely that and nothing more.

The judgment is erroneous and must be reversed.   It was error for the court to submit to the jury the question of exemplary damages which they must have found.   There was no evidence to which such instructions were applicable, and that part of the charge was excepted to by the defendants.   It was also error for the court not to grant the motion for a new trial, because the damages found by the jury were excessive.   They were clearly so and the motion should have prevailed.

*By the Court.*—Judgment reversed, and a *venire de novo* awarded.