### JOHN CARLETON *vs.* AKRON SEWER PIPE COMPANY.

Suffolk.    March 15. — June 28, 1880.    AMES & LORD, JJ., absent.

The St. of 1877, *c.* 250, does not empower one magistrate to issue a certificate authorizing the arrest of a judgment debtor, on the first charge specified in the Gen. Sts. *c.* 124, § 5, it not appearing that he intends to leave the state, without notice to him to appear and submit himself to an examination touching his estate, although he has made default under a notice issued by another magistrate on an application on another execution issued upon the same judgment.

A debtor, who has been illegally arrested, does not by recognizing with surety before the magistrate authorizing the arrest, and submitting to examination and taking the oath for the relief of poor debtors, waive the illegality of his arrest.

TORT for false imprisonment. Trial in the Superior Court, before *Colburn*, J., who reported the case for the determination of this court, in substance as follows:

On September 4, 1877, an execution in common form was issued from the Municipal Court of Boston, in favor of the

defendant against the plaintiff for $55.33 damage, and $31.93 costs of suit. On September 12, 1877, the defendant's attorney applied to a magistrate for a certificate authorizing the arrest of the plaintiff on said execution, upon the first charge specified in the Gen. Sts, c. 124, § 5. The magistrate thereupon issued to the plaintiff a notice in the form prescribed by the St. of 1877, c. 250, § 6, to appear before him on September 15. This notice was served on the same day by leaving an attested copy thereof at the last and usual place of abode of the plaintiff; and, at the time and place mentioned in the notice, the plaintiff appeared, and his examination commenced. This examination was continued, from time to time, at the debtor's request and by agreement, until November 3, when the plaintiff made default, and did not again appear before the magistrate. This execution was returned in no part satisfied. On January 9, 1878, an alias execution was issued upon the same judgment, and was returned in no part satisfied. On March 29, a pluries execution was issued on the same judgment, upon which execution the defendant's attorney, in its behalf, on April 18, applied to a magistrate for a certificate authorizing the arrest of the plaintiff upon the same charge as before, and made affidavit in the usual form upon the execution. The magistrate issued a certificate, in the usual form, authorizing the arrest of the plaintiff and containing the following: "I also certify that it appears from the evidence before me, that said debtor has been duly notified to appear before John E. Fitzgerald, Esq., Master in Chancery, for examination, as provided in chapter 250 of the Acts of 1877, and has neglected and refused to appear." On April 20, the plaintiff was arrested on the last-named execution, and taken before a magistrate, recognized for his appearance in the usual form, gave the proper notice to the defendant, and, after examination, having performed all the conditions of his recognizance, took the oath for the relief of poor debtors on July 15, and was discharged by the magistrate.

The plaintiff contended that his arrest was illegal, because he was entitled to the notice provided by the St. of 1877, c. 250, on the pluries execution, before a certificate was granted authorizing his arrest. But the judge ruled that the action could not be maintained; and ordered a verdict for the defendant.

If the ruling was right, judgment was to be entered on the verdict; otherwise, the verdict was to be set aside, and a new trial ordered.

*C. B. Southard*, for the plaintiff.

*C. P. Gorely*, for the defendant.

SOULE, J. The arrest of the plaintiff was illegal. Since the St. of 1877, *c.* 250, went into operation, no magistrate has had authority to grant a certificate authorizing arrest on execution issued for debt or damages on the first charge specified in the Gen. Sts. *c.* 124, § 5, it not appearing that the judgment debtor intends to leave the state, until he has issued a notice to the debtor to appear and submit to an examination touching his estate, and the debtor, being duly served therewith, has failed to appear as directed by the magistrate, and to obey all lawful orders and requirements made by the magistrate. If the debtor fails to appear or to obey such orders, the arrest may be authorized, and the subsequent proceedings may be had as provided in the Gen. Sts. *c.* 124.

In the case at bar, the magistrate granted the certificate purporting to authorize the arrest of the plaintiff, without first issuing a notice to him to appear and submit to examination; and it is contended that this was in accordance with the requirements of the statute, because the plaintiff had made default under a notice to submit to examination issued by another magistrate on an application for a certificate on a former execution issued on the same judgment. This argument is founded on a misapprehension of the meaning and purpose of the St. of 1877. It is a modification of the provisions of the Gen. Sts. *c.* 124, as to arrest on execution for debt or damage when the application for authority to arrest is based on the charge that the debtor has property, not exempt from being taken on execution, which he does not intend to apply to the payment of the creditor's claim. Under the General Statutes the certificate authorizing the arrest might be granted on the affidavit of the creditor, or some one in his behalf, to the truth of the charge, and proof of the same to the satisfaction of the magistrate on a hearing *ex parte*. The effect of the St. of 1877 is to prevent the magistrate from granting the certificate till he has given the debtor an opportunity to be heard, and to avoid arrest by

transferring to his creditor any property which he may be found to have which cannot be levied on; but to leave the magistrate authority to grant the certificate if the debtor does not appear, or fails to obey his lawful orders. But the statute does not empower one magistrate to grant a certificate authorizing the arrest of a judgment debtor without notice to him, because it appears that he has made default before another magistrate on another application, on another execution. The proceedings on a notice to appear and submit to examination are of a judicial character, and if the debtor makes default or refuses to obey lawful orders he is exposed to a judgment against him, which is the granting of the certificate authorizing his arrest; but if the creditor does not ask for this when the default or disobedience occurs, or at some time to which the proceedings are continued, and the matter is suffered to drop, all advantage of the proceedings is lost to the creditor. He cannot avail himself of the default of the debtor, in a new application before another magistrate, as a reason for not issuing notice to the debtor to appear and submit to examination, any more than a plaintiff may obtain a judgment in an action at law without serving the defendant with process, on the ground that the defendant made default in another action for the same cause which was not prosecuted to judgment. The arrest of the plaintiff was illegal, even if the notice on the first execution was sufficient, which we do not decide.

It is argued, however, that the conduct of the plaintiff in recognizing with surety before the magistrate, and submitting to examination on his application to take the oath for the relief of poor debtors, and taking that oath, amounted to a waiver of the false imprisonment. This is not so. While it is true that the plaintiff must be presumed to know the law, and to know that his arrest was unlawful and that he was not bound to submit to any examination under it in order to be entitled to a discharge, the fact that he did these things is in no way an indication of any surrender of his right to redress for the wrong done to him by the false imprisonment, and the report does not indicate that the defendant was misled in this regard by his conduct. It does not appear from the report that this point was suggested in the court below.

The judge who presided at the trial in the Superior Court erred in ruling that the action could not be maintained, and, according to the terms of the report, there must be a                     *New trial.*