J. W. STEWART *vs.* GEORGE GRISWOLD & another.

Suffolk.   Jan. 15. — March 2, 1883.   FIELD & W. ALLEN, JJ., absent.

Under the St. of 1877, c. 250, § 1, providing that the notice to be issued by a magistrate, to whom application has been made for a certificate authorizing the arrest of a debtor upon the first charge specified in the Gen. Sts. c. 124, § 5, to the debtor to appear and submit himself to an examination touching his estate, may be served on the debtor by "leaving the same at his last and usual place of abode not less than three days before the time fixed for the examination, and one day additional for every twenty-four miles travel," a notice to a debtor to appear on the eighth day of a month at nine o'clock in the morning, left at his abode, a little over a mile from the place of examination, on the fourth day of the month at seven o'clock in the evening, is sufficient.

In an action upon a poor debtor's recognizance, entered into under the Gen. Sts. c. 124, § 10, oral evidence is inadmissible to show that the debtor's last and usual place of abode is different from that recited in the return of the officer who served the notice upon the debtor to appear for examination, issued by a magistrate under the St. of 1877, c. 250, § 1.

A certificate of a magistrate, under the St. of 1877, c. 250, § 1, reciting that "I hereby authorize the arrest of the said debtor, if his arrest is authorized by law, to be made after sunset," is sufficient.

HOLMES, J.   This is an action on a recognizance given under the Gen. Sts. c. 124, § 10.   The defendants allege that the arrest on which the principal defendant was brought before the magistrate who took the recognizance was unlawful, and that therefore the recognizance is void.   The main point relied on in support of this contention is that no sufficient notice to appear for examination was given to the principal defendant under the St. of 1877, c. 250, § 1.   By that statute, "Such notice may be served by . . . . leaving the same at his last and usual place of abode not less than three days before the time fixed for the examination, and one day additional for every twenty-four miles travel."   The notice in question notified the defendant to appear on January 8, at nine A. M., and was served on January 4, at five minutes before seven P. M.   In our opinion, this satisfied the statute.

When an act is to be done a certain number of days before an event, the arbitrary rule of law which excludes the whole day of the event and refuses to recognize fractions of a day, works out a rough equality and substantial justice by giving the actor the benefit of the whole day on which the act is

done.  *Butler* v. *Fessenden*, 12 Cush. 78.  *Bemis* v. *Leonard*, 118 Mass. 502, 507.  It is true that in England a distinction has been established when the law requires "not less than" a certain number of days.  But it is obvious that the true meaning of those words in this statute is only that the shortest notice must be three days, and the English cases adopted the opposite rule with expressions of regret, on the ground that, it having been once laid down, although seemingly without consideration, in *Zouch* v. *Empsey*, 4 B. & Ald. 522, and the matter being wholly indifferent, it was better to adhere to the decision. *Regina* v. *Justices of Shropshire*, 8 A. & E. 173, 175, 176; *S. C.* 3 Nev. & P. 286.  *Regina* v. *Justices of Middlesex*, 3 Dowl. & L. 109; *S. C.* 2 New Sess. Cas. 73; 14 L. J. (N. S.) M. C. 189. Cf. *Robinson* v. *Waddington*, 13 Q. B. 753, 756.  The same reasons exist for adhering to the decision of our own court in *Butler* v. *Fessenden*, *ubi supra*, and for rejecting an artificial distinction which does not commend itself to us.

If it were necessary, we should be inclined to go one step further and to read the words "one day additional for every twenty-four miles travel" as meaning "at the rate of one day additional," which is the phrase adopted in the Pub. Sts. c. 162, § 18.  The provision is evidently modelled on the earlier ones concerning notice to plaintiffs by defendants wishing to take the poor debtor's oath.  Gen. Sts. c. 124, § 13.  Sts. 1857, c. 141, § 4; 1855, c. 444, § 4; 1844, c. 154, § 3.  These all require notice "at the rate of one day additional for every twenty-four miles travel."  And it has been held under one of them that, when the travel was only a fraction of a mile, the time allowed for it need not be more than the corresponding fraction of an hour.  *Jacot* v. *Wyatt*, 10 Gray, 236.  There seems to be no reason why the same principle should not be applied to the present case.  The letter of the statute does not deal with fractions of twenty-four miles travel, and it seems to be almost as unreasonable to shut our eyes to the obviously intended proportion between time and travel on the side of the defendants, who demand twenty-four hours for a little over a mile, as it would be to do so in accordance with the plaintiff's, that there is no allowance when the travel is less than twenty-four miles.

The defendants sought to invalidate the arrest on the further ground that the notice was not left at the debtor's last and usual place of abode; and that, as the officer's return that it was so left set forth the number and street of the house at which service was made, parol evidence was admissible that the debtor's last and usual place of abode was not at that house. But we perceive no reason for admitting the evidence in this case, which would not equally apply when the place of service was not mentioned in the return. The return in the latter case would convey two propositions, (I served at a certain place, and that place was the debtor's last and usual place of abode,) neither of which could be controverted. *Smith* v. *Randall,* 1 Allen, 456, 458. *Lang* v. *Bunker,* 1 Allen, 256. The fact that the former of these is set forth more specifically does not warrant a denial of the other.

The magistrate's certificate read, " I hereby authorize the arrest of the said debtor Griswold, if his arrest is authorized by law, to be made after sunset." The further objection is urged, that the only authority for an arrest is the magistrate's order; and that therefore these words were equivalent to saying, I authorize the arrest if I authorize it, and were insufficient. But this objection also must fall. The order only purported to authorize an arrest after sunset, which was the only case for which the magistrate's order was necessary, or to which his power extended. Gen. Sts. *c.* 124, § 8. Pub. Sts. *c.* 162, § 26. An arrest by day was authorized by law without any order from him, upon his making a certificate of the necessary facts. *Manuel* v. *Bates,* 104 Mass. 354. In this case, he set forth facts upon which an arrest would be authorized by law; and adds that, if an arrest would be so authorized, he authorizes it to be made after sunset. There is nothing in the proviso to invalidate the authority given.

As the defendants' objections to the validity of the arrest are not sustained, we have not found it necessary to consider whether its illegality would have made the recognizance invalid.

*Judgment for the plaintiff.*

*J. B. Richardson,* for the defendants.

*F. Hutchinson,* ( *W. H. Preble* with him,) for the plaintiff.