## WILLIAM E. LANE *vs.* CALVIN HOLMAN.

Worcester.   October 5. — 21, 1887.   C. ALLEN & KNOWLTON, JJ., absent.

Under the Pub. Sts. *c.* 162, § 18, requiring that the notice issued to a debtor, to appear and submit himself to examination touching his estate, be served by delivering a copy to him or leaving it at his last and usual place of abode, "allowing not less than three days before the time fixed for the examination, and at the rate of one day additional for every twenty-four miles' travel," if the debtor lives fifteen miles distant from the place fixed for the examination, the service of the notice upon him there must be made at least fifteen hours before the beginning of the third day from the day fixed for the examination.

If the service of notice to a debtor to appear and submit himself to examination touching his estate does not give him the full time allowed by the Pub. Sts. *c.* 162, § 18, and he does not appear in obedience to the notice, and is defaulted, the magistrate has no authority to annex his certificate to the execution authorizing the arrest of the debtor; and, as against the creditor causing the arrest, his arrest thereon is illegal.

A debtor, who has been illegally arrested, does not, by recognizing before a magistrate other than the one authorizing the arrest, and submitting to examination and taking the oath for the relief of poor debtors, waive the illegality of the arrest.

The expenses incurred by a debtor, who has been illegally arrested, in submitting himself to examination for the purpose of taking the oath for the relief of poor debtors and taking the oath, having previously been discharged from imprisonment upon entering into a recognizance to appear for such examination, are not elements of damage in a subsequent action for the illegal arrest.

TORT for an illegal arrest and false imprisonment. At the trial in the Superior Court, before *Staples*, J., the jury returned a verdict for the plaintiff; and the judge reported the case for the determination of this court. The facts appear in the opinion.

*J. W. Corcoran & H. Parker*, for the defendant.

*G. H. Mellen*, for the plaintiff.

FIELD, J. It is contended that the arrest was unlawful, because, although the certificate of arrest was issued after notice to the debtor to appear and submit himself to an examination touching his estate, pursuant to the Pub. Sts. *c.* 162, § 18, the service of the notice was insufficient.

The statute requires that the notice be served " by delivering an attested copy of the notice to the debtor, or leaving the same at his last and usual place of abode, allowing not less than three days before the time fixed for the examination, and at the rate of one day additional for every twenty-four miles' travel." The plaintiff resided at Worcester, and the notice was served upon him there on November 17, 1885, at ten o'clock in the forenoon. The time fixed for the examination was November 20, 1885, at nine o'clock in the forenoon, and the place was the court-room in Clinton, which was fifteen miles distant from the plaintiff's residence in Worcester, and the same distance from the place where he was served with the notice.

In construing statutes which provide for the service of process, or of notice, when the process is required to be served, or the notice to be given, a certain number of days before the return day, the days have been reckoned by excluding the return day, and including the day on which the process is served or the notice given, and fractions of a day have not been regarded, because the statutes have made a day the unit of time. *Butler* v. *Fessenden*, 12 Cush. 78. *Bemis* v. *Leonard*, 118 Mass. 502, 507.

*Stewart* v. *Griswold*, 134 Mass. 391. If, then, the statute had not required that additional time be given for travel, the service in this case would have been sufficient; but as the statute requires that time be allowed for travel, in addition to the three days, and as fractions of these three days are not regarded, it follows that the earliest time on which a notice can be served, if time is allowed for travel, is on the fourth day before the day fixed for the examination. In estimating the time to be allowed for travel, it is plainly the intention of the statute that a day may be divided. Time is to be allowed "at the rate of one day additional for every twenty-four miles' travel," that is, at the rate of one hour for each mile of travel. The plaintiff was therefore entitled to an allowance of fifteen hours for travel in addition to the three days' notice, and therefore the service, to be sufficient, should have been made at least fifteen hours before the beginning of the third day from the day fixed for the examination. *Stewart* v. *Griswold, ubi supra.*

The plaintiff did not appear in obedience to this notice, and was defaulted, and the magistrate thereupon annexed to the execution a certificate of arrest. There was no waiver by the plaintiff of the defect in the service, and the act of the magistrate in making and annexing this certificate to the execution was not authorized by law, and the arrest was illegal. While the process, if valid upon its face, may protect the officer, it does not protect the creditor at whose request the unlawful act is done; and the debtor, by recognizing before another magistrate, and by submitting himself to an examination for the purpose of taking the oath for the relief of poor debtors, and by taking the oath, does not waive the illegality of the arrest. *Carleton* v. *Akron Sewer Pipe Co.* 129 Mass. 40.

After the plaintiff had obtained his discharge by entering into a recognizance before a master in chancery, the imprisonment was at an end. He could have been discharged from imprisonment by other methods, if he had chosen to employ them. After his discharge on giving his recognizance, he was under no legal obligation to appear before the magistrate and submit himself to an examination. He could have successfully defended a suit on the recognizance. See *Stewart* v. *Griswold, ubi supra.* The expenses incurred after he was discharged were voluntarily

incurred, and were rightly excluded as elements of damage resulting from the arrest and imprisonment.

By the terms of the report, judgment is to be entered on the verdict.                                                    *So ordered.*