WRIGHT W. WILLIAMS *vs.* WILLIAM G. SHILLABER.

Suffolk.   March 10, 1891. — May 19, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Poor Debtor — Citation — Affidavit — Arrest — False Imprisonment.*

If a judgment debtor is notified to appear for examination touching his estate under the Pub. Sts. c. 162, § 18, before the affidavit required by § 17 is made by the creditor, knowing that it was customary thus to issue the citation but without actual knowledge that the affidavit had not been made, his arrest upon his subsequent default is illegal, and will entitle him to maintain an action therefor; but his subsequent submission to examination upon his application to take the oath and to imprisonment is voluntary, and will prevent his maintaining an action for false imprisonment.

TORT, for an assault and false imprisonment.  The case was submitted to the Superior Court on agreed facts, in substance as follows.

The defendant recovered judgment against the plaintiff, and an execution duly issued thereon remained unpaid.  On February 8, 1888, the defendant applied to a proper magistrate for

a certificate authorizing the plaintiff's arrest. On March 29, 1888, a citation was issued by the magistrate notifying the plaintiff to appear before him on April 6 following, for examination touching his estate. The plaintiff appeared before the magistrate, and entered into an agreement to adjourn the hearing until April 20; but at that time he did not appear, and was defaulted. On April 25, the defendant for the first time made affidavit that the plaintiff had property not exempt from being taken on execution, which he did not intend to apply to the defendant's claim. The plaintiff was a constable of the city of Boston, and had been for some years, and was accustomed to the service of precepts of this character. Up to this time it had been the unvarying custom to issue the citations in these cases prior to affixing the affidavit required by law, and the plaintiff knew of this custom. Subsequently the plaintiff appeared before a magistrate authorized to act in such cases, and in the presence of the officer holding the execution, being technically in custody, in due form recognized with sureties under the Pub. Sts. c. 162, § 28. On May 24, the plaintiff gave notice in due form of his intention to take the oath for the relief of poor debtors, and at the time fixed upon appeared and submitted himself to examination before the magistrate. The magistrate refused to administer the oath to him, and the plaintiff was formally committed to jail on March 11, 1889. The plaintiff remained in jail until March 20, 1889, when he again applied to take the poor debtor's oath, and he was again refused it, and again committed to jail, where he remained until March 23, 1889. It was agreed that the court might draw such inferences from these facts as a jury might be warranted in drawing.

If, upon the facts, the plaintiff was entitled to recover for the arrest, and not for the imprisonment, judgment was to be entered for him for one dollar; if he was entitled to recover for both, judgment was to be entered for him for sixty-one dollars; but if the plaintiff was not entitled to recover for either, judgment was to be entered for the defendant. The Superior Court entered judgment for the plaintiff for one dollar; and the plaintiff appealed to this court.

*E. B. Callender & L. Girardin*, for the plaintiff.

*J. Bennett & S. W. McDaniel*, for the defendant.

MORTON, J.  It is plain that the arrest in this case was illegal.  The citation to the plaintiff was issued before the affidavit had been made which was required by the statute.  *Atwood* v. *Wheeler*, 149 Mass. 96.  The fact that it was customary to issue citations before the affidavit was made, and that this custom was known to the plaintiff, did not make the arrest legal.  This custom was an illegal one, and the express provision of the statute could not be thus avoided.  While the plaintiff knew of the custom, and might have had no reason to doubt that it had been followed in his case, there is nothing to show that he had actual knowledge that the citation had been issued before the affidavit was made ; and it cannot be held, therefore, as matter of law, that his appearance before the magistrate constituted a waiver on his part of the right to object that the citation had been issued before the affidavit was made, or to claim that his arrest was unlawful.  *Carleton* v. *Akron Sewer Pipe Co.* 129 Mass. 40, 43.  The agreed facts find that he appeared before a magistrate authorized to act in such cases, and in the power of the officer holding the execution, and being technically in custody, recognized with sureties to appear and submit to examination.  There was, therefore, an arrest.  So far as relates to the subsequent proceedings, however, the case stands on different ground.  The arrest being illegal, the plaintiff was under no obligation to attend and submit himself to examination, or to yield to the precept from the magistrate purporting to require his commitment.  Whatever he did in submitting to an examination, and to imprisonment, must be held to have been voluntarily done, and with knowledge that he could not lawfully be compelled to undergo the examination or the imprisonment.  *Allen* v. *Shed*, 10 Cush. 375.  *Lane* v. *Holman*, 145 Mass. 221.  *Bieten* v. *Burridge*, 3 Camp. 139.  He could have procured his discharge by proper methods if he had chosen to employ them, and neither he nor his sureties could have been held on the recognizance.  *Smith* v. *Bean*, 130 Mass. 298.  *Newmarket National Bank* v. *Cram*, 131 Mass. 204.  *Lane* v. *Holman*, 145 Mass. 221.

The parties have agreed that, if the arrest was illegal, judgment was to be entered for the plaintiff for one dollar.  The Superior Court so found, and ordered judgment for the plaintiff for one dollar, and we think the entry must be,

*Judgment affirmed.*