ELLIOT O. WORDEN, Appellant, *v.* GEORGE T. DAVIS et al., Respondents.

False imprisonment — damages in action based thereon — when expenses of defending against prosecution may be recovered although plaintiff was not actually imprisoned.

A person constructively arrested under a warrant, which was afterward conceded to be void, appeared before a magistrate with counsel; at his request the proceeding was adjourned to the following day and he was allowed to depart on his own recognizance; on that day and at subsequent times the proceedings were continued until they resulted in his conviction before the magistrate; on his appeal such conviction was reversed. In an action for false imprisonment based on such arrest, the trial court refused to permit plaintiff to give evidence of the expenses and disbursements incurred by him in the proceedings subsequent to his first appearance before the magistrate. *Held*, error;

that the proceeding including the retainer of counsel and the prepara-
tion for defense was continuous from plaintiff's arrest to the termination
of the proceedings, and the plaintiff may recover any expense thereof as
a legal item of damages resulting from the commencement of such
prosecution.

*Worden* v. *Davis*, 123 App. Div. 193, reversed.

(Argued May 10, 1909; decided June 1, 1909.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
January 14, 1908, affirming a judgment for nominal damages
in favor of plaintiff entered upon a verdict and an order
denying a motion for a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Elliot O. Worden*, appellant, in person. The rejection of
plaintiff's evidence as to damages was erroneous. (*Green* v.
*Davis*, 83 App. Div. 216; *Murphy* v. *Eidlitz*, 113 App. Div.
659; *Roberts* v. *Johnson*, 58 N. Y. 613; *April* v. *Baird*, 32
App. Div. 226; *Shea* v. *M. Ry. Co.*, 29 N.Y. S. R. 313; *Rown*
v. *C., etc., Co.*, 34 Hun, 471; *Eggleston* v. *Scheible*, 113 App.
Div. 798; *Ostrander* v. *O. C. T. Co.*, 125 App. Div. 605.)
As actual or compensatory damages, indemnity is awarded
for all the injury to reputation, feelings, health, mind and
person caused by the arrest, including the expenses of the
defense. (*Fagan* v. *Knox*, 8 J. & S. 41; *Brown* v. *C., etc.,
Ry. Co.*, 34 Hun, 475; *Ball* v. *Harrington*, 47 N. Y. S. R.
913; *Strong* v. *Whitehead*, 12 Wend. 64; *Thompson* v.
*Lumly*, 7 Daly, 74; *Williams* v. *Garrett*, 12 How. Pr. 456;
*Scott* v. *Dennett*, 51 App. Div. 357; *Volts* v. *Blackmer*, 64
N. Y. 440; *Craven* v. *Bloomingdale*, 171 N. Y. 439; *Thorpe*
v. *Carvalho*, 14 Misc. Rep. 558.)

*Howard C. Wiggins* and *J. S. Baker* for respondents.
The rulings of the trial justice excluding evidence offered by
the plaintiff were correct. (*People* v. *Harben*, 100 App. Div.
317.) The plaintiff's imprisonment terminated the day that
he was permitted to go without bail. (12 Am. & Eng. Ency.

of Law [2d ed.], 734, 737; *Floyd* v. *State*, 12 Ark. 43; Fiero on Torts, 558; *Shinglemeyer* v. *Wright*, 124 Mich. 230; *Warne* v. *Constant*, 4 Johns. 32; *Dusenbury* v. *Kielly*, 58 How. Pr. 286; *Van Igen* v. *Snyder*, 24 Hun, 81; *Fuller* v. *Bowker*, 11 Mich. 204; *Doyle* v. *Russell*,. 30 Barb. 300; *State* v. *Queen*, 66 N. C. 615; *State* v. *Downs*, 8 Ind. 42.)

HISCOCK, J. While it is possible that the complaint in this action originally might have been construed as setting forth a cause of action for malicious prosecution as well as for false imprisonment as claimed by appellant, in view of the position taken by him at the Trial Term I think that the questions presented on this appeal must now be determined by principles applicable to an action of the latter kind.

By the procurement and at the instigation of the other respondents, the respondent Davis, as city judge of the city of Rome, issued a warrant for the apprehension and arrest of the appellant. For reasons which it is not necessary to detail, it is conceded that said magistrate had no jurisdiction to issue said warrant, but that the same was void and that any execution thereof on the person of the appellant amounted to a false imprisonment for which the respondents are liable. It is also conceded that there was a constructive arrest and a technical imprisonment of appellant under such warrant for which he was entitled to a recovery, which thus far has been limited to six cents.

The controversy which remains and in which the parties have become involved relates to the duration and termination of such imprisonment, and presents the practical question upon this appeal whether certain legal expenses, disbursements and damages incurred by the appellant in defending against the prosecution following the warrant were incurred after all imprisonment had ceased, and were not, therefore, items resulting therefrom for which recovery may be had in this action. The learned trial judge and Appellate Division have taken the view that they were thus incurred, and, therefore, have refused to allow the appellant to give evidence of

their extent for the consideration of the jury in fixing his damages. We disagree with this view, and it will be necessary to a proper understanding of the question thus presented to state some of the material facts which have given rise to it.

After the warrant had been issued to a police officer, the appellant, without any actual physical apprehension, appeared before the magistrate with his counsel, and after some discussion the proceedings were at his request adjourned to the following day, and he was allowed to depart on his own recognizance, with directions from the magistrate, in effect, to appear the next day. While the exact history of what thereafter took place is not set forth in the record because of the rulings of the trial judge which excluded evidence which was offered, it is apparent that the appellant, if permitted, will be able to show that the proceedings were continued before the magistrate until they resulted in his conviction of the offense with which he was charged, and that thereafter, on appeal to the County Court, such conviction was reversed and the proceedings terminated in his favor. I think we also may assume for the purposes of this appeal that the procedure adopted on the first adjournment already referred to was continued, and that, either on his own recognizance or under bail with sureties, appellant was required to and did appear from time to time for the purpose of answering and defending himself against said proceedings and of prosecuting his appeal from the judgment of conviction. Upon these facts respondents, while not disputing that appellant was subjected to an arrest and restraint which amounted to imprisonment when he was first brought before the magistrate in answer to the warrant, insist that from the time when said proceeding was first adjourned to the following day and the appellant went away he ceased to be under any such restraint, custody or coercion as amounted to imprisonment, and that, therefore, as already suggested, his expenses incurred in the prosecution before the magistrate after that time and on the appeal were not necessary to free him from any imprisonment and no recovery can be had therefor.

As already intimated these facts lead us to a different con-
clusion. While appellant was under arrest and imprisoned
under the false warrant, he retained counsel and laid the
foundation for his defense. Thereafter the proceedings on
said warrant were continued against him, and as appears on
one occasion and as we may assume on others, he was directed
to appear and defend himself in said proceeding. He was in
effect held to bail on his own recognizance. (*People* v. *Har-
ber*, 100 App. Div. 317.) Of course, if the warrant had been
valid and he had failed to respond, his appearance could
legally have been enforced by actual, physical coercion, and
he had a right to apprehend that such procedure would be
attempted in these proceedings. The respondents stood upon
the validity of the warrant and the prosecution founded
thereon and proposed to and did carry the latter through to a
purported conviction of the appellant. They cannot now
well shield themselves behind the proposition that their pro-
ceedings were absolutely void and that appellant should have
disregarded rather than have defended himself against the
same. He ought not to suffer because he has elected to treat
the proceeding on their theory until the latter was overturned
by a court of competent jurisdiction rather than to disregard
said proceeding and subject himself to some new and other
process. The proceeding from his arrest to the final judgment
in his favor was a single, continuous, entire one and for the
purposes of such an action as this it is not too much to hold
that the retainer of counsel and the preparation for defense
commencing with the arrest and continuing through to the
termination of the proceeding were connected and continuous
commencing with and resulting from the original and con-
ceded false imprisonment. It seems to me that it would be
measuring appellant's rights and respondents' responsibilities
by altogether too short a measure to hold that the former was
so entirely liberated from the warrant and proceedings founded
thereon and following therefrom when the first adjournment
occurred that he was then compelled to discharge his counsel
and disregard the prosecution which had been instituted and

was still pending against him. It seems much more in accordance with the proper rights of the parties to hold that this original retainer and defense might be continued as it apparently was until the termination of the proceedings, and that the appellant may recover any expense thereof as a legal item of damages resulting from the commencement of the prosecution against him.

This question appears to have been decided by implication in the case of *Strang* v. *Whitehead* (12 Wend. 64). In that case Whitehead sued Strang and Manning for false imprisonment in arresting and holding him to bail in a suit prosecuted in the Circuit Court of the United States in which the court had not jurisdiction. On the trial of the action evidence was allowed over objection of expense of counsel in the suit in the Circuit Court. The evidence was so objected to on the ground that no special damage had been alleged in the declaration. In overruling the objection the trial judge observed: " That although damages could be recovered only for the imprisonment and duress to which the plaintiff had been subjected, he perceived no objection to proof of the trouble and expense incurred by the plaintiff in consequence thereof." On writ of error the appellate court reversed the judgment, saying: " The expenses incurred by Whitehead, consequent upon his arrest, were not stated in the declaration; and as it cannot be said that they were the legal and natural consequence of the arrest, the judge erred in receiving the testimony objected to." This decision thus appears to have been placed on the ground that the expenses of counsel had not been alleged and by implication the conclusion follows that if they had been properly alleged the evidence adverted to would have been competent. (See, also, *Bonesteel* v. *Bonesteel*, 28 Wis. 245 ; and same case, 30 Wis. 511.)

The case of *Dusenbury* v. *Keiley* (85 N. Y. 383), especially relied on by the respondents, in my judgment not only does not sustain their present position, but impliedly favors that taken by the appellant. That action was one for false imprisonment. The plaintiff was arrested under what was known as

the Stilwell Act, November 15, 1876, and was imprisoned technically at least for some hours. He then gave and was released on bail and contested the proceedings against him, which were finally terminated February 3, 1877, by an order directing that the warrant be dismissed, vacated and set aside and the bail given by plaintiff exonerated and he himself discharged from custody and set at liberty. It appears from the full record of the case that as a matter of fact he had not been in custody or restrained of his liberty after November 15, 1876, except so far as his giving of bail might be regarded as having that effect. An appeal was taken from this last order and on such appeal an order was made reversing the one appealed from and directing that the proceedings before the justice be "revived and restored," and that plaintiff be "required to appear under the original warrant and proceedings." At the close of the revived proceeding a decision was made adverse to Dusenbury and an order thereupon entered directing "that a commitment be issued to the sheriff directing that he, as such sheriff, rearrest such defendant, * * * and that said defendant, * * * be committed to the jail of the county," etc. No new warrant, however, was ever issued, and no new arrest made, and subsequently the order directing it was reversed by this court.

When plaintiff brought his action for false imprisonment the Statute of Limitations was pleaded and he argued that the statute did not commence to run until after the order purporting to revive the original proceeding had been reversed. This court decided against this contention, but assumed, if it did not hold, that his imprisonment under the original warrant did not terminate until the first order had been made dismissing said warrant and vacating the bail bond, etc., although in that case as in this one the only restraint or imprisonment of the plaintiff during a large part of this period consisted in placing him under bail in a proceeding which was void and without jurisdiction. Judge FINCH, writing the opinion, says that "it is quite evident that since the February preceding (the date when the order vacating the warrant and discharg-

ing the bail bond was executed) \* \* \* the present plaintiff had been wholly free from imprisonment, entirely at large, and in no manner restrained of his liberty. The original imprisonment, therefore, was certainly not continuous beyond the discharge which ended it. When the last order was made he was under no arrest or restraint whatever." (p. 387.)

In accordance with these views I think that the judgments of the courts below must be reversed and a new trial ordered, with costs to abide event.

Edward T. Bartlett, Haight, Werner, Willard Bartlett and Chase, JJ., concur; Cullen, Ch. J., absent.

Judgments reversed, etc.