ALLEN v. FROMME et al.

(Supreme Court, Appellate Division, First Department.   December 30, 1910.)

1. FALSE IMPRISONMENT (§ 6*)—ACTS CONSTITUTING.
    One who is arrested under a void execution, and who gives a bond'
    for jail limits and is thereby released from the custody of the sheriff,.
    continues under restraint, and the representative of the deceased execu-
    tion creditor, who resisted the efforts to vacate the execution, may not
    in an action for false imprisonment insist that there was no restraint
    after the giving of the bond.
        [Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 3,.
    4; Dec. Dig. § 6.*]

2. FALSE IMPRISONMENT (§ 28*)—EVIDENCE—ADMISSIBILITY.
    One suing for false imprisonment based on arrest under a void execu-
    tion, followed by his giving a bond for jail limits, may show that he was.
    subjected not only to the ignominy of an arrest, but to the restraint of
    the jail limits while undertaking to obtain a vacation of the execution,.
    which the execution creditor resisted.
        [Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 100;.
    Dec. Dig. § 28.*]

3. FALSE IMPRISONMENT (§ 36*)—DAMAGES.
    A verdict of $2,500 for false imprisonment based on the arrest under
    a void execution of a young man about to enter a profession, followed
    by the giving of a bond for jail limits, and a judgment vacating the exe-
    cution, notwithstanding the resistance of the execution creditor, was.
    not excessive.
        [Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 113–
    115; Dec. Dig. § 36.*]

Appeal from Trial Term, New York County.

Action by Willard S. Allen against Jacob Fromme and Addie
Fromme, as executrix of Jacob Fromme, deceased. From a judgment
for plaintiff and from an order denying a new trial, defendants ap-
peal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MIL-
LER, LAUGHLIN, and DOWLING, JJ.

Fromme Bros. (Chilton Devereux, of counsel), for appellants.
James A. Allen, for respondent.

MILLER, J.   The plaintiff was arrested on a void execution issued'
by the defendant's testator.   He gave a bond for the jail limits, and'
was released from the custody of the sheriff.   He thereupon moved'
at Special Term of the City Court, out of which the execution was.
issued, to vacate it.   The motion was opposed by the said testator,.
and was denied.   An appeal was taken to the Appellate Term, which
likewise was resisted by the said testator, and the order of the court
below was reversed and the execution was vacated.   Thereupon this.
action was brought for false imprisonment.   The plaintiff was per-
mitted to prove that he had occasion in his business to go outside of
the jail limits, and that he desired, during his vacation, as was his.
custom, to go to Kentucky to visit his mother, but that he did not
do either because of his undertaking.   He was also permitted to prove

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

the efforts made by him to vacate the execution and the resistance offered thereto by the said testator. In support of the point that the imprisonment terminated upon the discharge from the custody of the sheriff, the appellant cites Allen v. Shed, 10 Cush. (Mass.) 375; Lane v. Holman, 145 Mass. 221, 13 N. E. 602; Fuller v. Bowker, 11 Mich. 204. It is to be noted that in the Michigan case it was held that there was not even a constructive arrest in the first instance, and in Lane v. Holman the point was whether expenses incurred by a debtor, who had been illegally arrested, in submitting himself to an examination, pursuant to a recognizance, entered into to procure. a discharge from imprisonment, were elements of damage. However, those cases do assert the proposition that, after a person gives an undertaking and pursuant to it is discharged from arrest on a void process, he is no longer under restraint. If those decisions be sound, it follows that although the plaintiff gave an undertaking, in which he bound himself to remain within the jail limits, and although the defendant's testator vigorously resisted all his attempts to vacate the void execution, he should have gone about his business unrestrained, thereby subjecting himself to fresh arrests, which he had every reason to believe would occur if he went beyond the jail limits, and his sureties to an action on the undertaking. And, because he undertook in an orderly way to have the restraint upon his liberty removed by an adjudication of the courts, it is said that none of the damage thus sustained was due to the false imprisonment,· but that the process was void and the plaintiff's submission to it voluntary. Of course, the restraint was illegal, but that illegality is the basis of this action. The mere fact that a subsequent arrest, if the plaintiff had gone beyond the jail limits, would have been illegal, or that the plaintiff might have successfully defended his sureties, is no proof that he was not under restraint. Certainly the defendant, whose testator resisted the plaintiff's efforts to be released from the illegal restraint, to which he was subjected, is in no position to assert that he was under none at all.

While no case in this state identical with this is called to our attention, the question involved. has been decided by the Court of Appeals. Worden v. Davis, 195 N. Y. 391, 88 N. E. 745, 22 L. R. A. (N. S.) 1196. That case involved the right to recover the disbursements and expenses incurred by the plaintiff after the discharge on his own recognizance. The question turned, as Judge Hiscock stated, upon the duration and termination of the imprisonment, and it was decided, in effect, that the imprisonment continued until the order of the court dismissing the warrant. What was said in that case applies with full force to this and relieves us from the necessity of further discussion of the question.

The point already discussed nullifies the next point made by the appellant, to wit, that it was error to admit evidence as to what was done by the plaintiff to vacate the execution, and of the opposition of the defendant's testator thereto. Certainly that evidence had a direct bearing upon the question whether the ·restraint terminated with the actual discharge from the custody of the sheriff. Had the

plaintiff made a claim for the expenses incurred, there would have been no question as to the admissibility of such .evidence.   Fortunately for the defendant no such claim was made and no evidence was of-fered as to expenses, but nevertheless the plaintiff was entitled to prove the history of the entire transaction as bearing upon the animus of the defendant and the general damages.   He was properly permit-ted to show that he was subjected not· only to the ignominy of an arrest, but to the restraint of the jail limits while undertaking to obtain an adjudication freeing himself from such restraint, and that the defendant's testator resisted his efforts throughout.

While the verdict of $2,500 is large, we are not prepared to say that it is too much for the indignity of the arrest and for the stigma thus put upon the reputation of a young man who was about to enter one of the professions.

Judgment and order should be affirmed, with costs.   All concur.