CHARLES E. SIMANTON *v.* GEORGE W. CALDBECK.

Special Term at St. Johnsbury, April, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed June 2, 1923.

*False Imprisonment—Expenses Incurred After Release on Bail
—Expense of Defense May Be Recovered Though Process
of Arrest Void.*

1.  In an action for false imprisonment, *held* that though actual re-
    straint ends when bail is given, the prisoner is not finally dis-
    charged until the suit against him is ended, and expenses in-
    curred therein are recoverable as damages for the unwarranted
    imprisonment.

2.  In an action for false imprisonment, the plaintiff is entitled to re-
    cover such damages as are the common and ordinary result
    of the wrongful act, including the expenses incident to the de-
    fense of the unwarranted suit; and this rule is not affected by
    the fact that the process on which the plaintiff was arrested
    was utterly void, so that no valid judgment could have been
    obtained against him.

ACTION OF TORT for false imprisonment. Plea, the general
issue with special matter of defense. Hearing on report of
referee at the June Term, 1921, Caledonia County, *Wilson, J.*,
presiding. Judgment for the plaintiff for one cent damages
and one cent costs. The plaintiff excepted. The opinion states
the case. *Reversed, and increased judgment for the plaintiff.*

*Samuel E. Richardson* for the plaintiff.

*Searles & Graves* for the defendant.

POWERS, J. This is an action of tort for false imprisonment
predicated upon an arrest of the plaintiff in a suit brought
against him by the defendant. It was heard in the court below
on the report of a referee, and judgment was there rendered for

the plaintiff to recover one cent damages and one cent costs.    To this judgment the plaintiff excepted, and this exception presents the only question for our consideration.

It appears from the findings that the plaintiff was arrested at St. Johnsbury on a capias issued in the suit above referred to, and taken to the courthouse in that village, where he met his counsel, who became bail for him by indorsing the writ in the usual way.    The plaintiff was thereupon released from custody, after being in charge of the officer for about thirty minutes. The suit on which he was arrested was entered in the county court, was there tried by jury, and a judgment was rendered for the plaintiff therein (the defendant here), on a verdict returned in his favor.    The plaintiff here took the case to this Court on exceptions, and judgment was here rendered in his favor.    *Caldbeck* v. *Simanton*, 82 Vt. 69, 71 Atl. 881, 20 L. R. A. (N. S.) 844. This suit followed.

The only damages here claimed are the expenses incurred by this plaintiff in defending the suit brought against him as aforesaid, and consist of loss of time, attorney fees, witness fees, and other disbursements, and amount to $988.27.    From this sum the plaintiff deducts the costs recovered by him in the former suit, leaving as the sum demanded $693.05.    All the items which enter into this balance are either found or admitted to be reasonable.    No part of these expenses accrued prior to the plaintiff's release on bail as stated above.

The plaintiff insists that he is entitled to recover all these expenses so incurred with interest from the date of the judgment in the former case,—July 1, 1909.    The defendant takes the position that the plaintiff is entitled to no expenses that accrued after his release on bail.

The claim of the defendant is sustained by decisions of courts of high authority.    The cases so holding go upon the ground that the imprisonment ends when bail is given; and that his release from custody and restraint having been secured, further efforts by the party arrested in defense of the action brought against him are, in a legal sense, voluntary—and so not chargeable to the wrongful act complained of.    This is the doctrine of *Allen* v. *Shed*, 10 Cush. (Mass.) 375; *Williams* v. *Shillaber*, 153 Mass. 541, 27 N. E. 767; *Lane* v. *Holman*, 145

Mass. 221, 13 N. E. 602; *Fuller* v. *Bowker,* 11 Mich. 204, and *Warne* v. *Constant,* 4 Johns. (N. Y.) 32.

[1]   Other cases take the position that though actual restraint ends when bail is given, the prisoner is not finally discharged until the suit against him is ended; and that expenses incurred therein are recoverable as damages for the unwarranted imprisonment. Holdings to this effect are to be found· in *Worden* v. *Davis,* 195 N. Y. 391, 88 N. E. 745, 22 L. R. A. (N. S.) 1196; *Blythe* v. *Thompkins,* 2 Abb. Prac. (N. Y.) 468; *Bonesteel* v. *Bonesteel,* 30 Wis. 511; *Nelson* v. *Kellogg,* 162·Cal. 621, 123 Pac. 1115, Ann. Cas. 1913D, 759; *Parsons_*v. *Harper,* 16 Grat. (Va.) 64, and *Swart* v. *Kimball,* 43 Mich. 443, 5 N. W. 635.

[2]   These last cases express the rule of this Court. A plaintiff in an action for false imprisonment is entitled to recover such damages as are the common and ordinary result of the wrongful act. *Taylor* v. *Coolidge,* 64 Vt. 506, 24 Atl. 656. Such damages include such reasonable expenses as proximately ·result from that act; and it was, in effect, held in *Goodell* v. *Tower,* 77 Vt. 61, 58 Atl. 790, 107 A. S. R. 745; that expenses incident to the defense of the unwarranted suit were the natural and proximate result of the defendant's wrongful act.

It is argued that inasmuch as the process on which the plaintiff was arrested was utterly void, no valid judgment could have been obtained against him, and therefore he was not justified in making the defense that he did. But as was said in *Worden* v. *Davis, supra,* this defendant there stood upon the validity of the process and the suit founded thereon, and proposed to and did carry the latter through to a purported judgment in his favor. Therefore, he cannot now well shield himself behind the proposition that that proceeding was absolutely void and that this plaintiff should have discovered this fact rather than have defended himself against the same.

    *Judgment reversed and judgment for the plaintiff to recover the sum of $693.05, with interest thereon from July 1, 1909.*