341 A.2d 56.

ARAM K. BERBERIAN *vs.* CLARENCE I. MITCHELL.

JULY 17, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. Pursuant to our opinion in *Berberian* v. *Mitchell*, 113 R. I. 438, 321 A.2d 431 (1974), the parties have now briefed the question of whether there should be added to the nominal damages to which the plaintiff is entitled in this false arrest case the $300 he expended, following his release from restraint, for legal fees in defending the criminal action stemming from his unlawful arrest.

In those briefs neither party disputes that damages in tort customarily include the natural and probable consequences of the wrong committed, *Main Realty Co.* v. *Blackstone Valley Gas & Elec. Co.*, 59 R. I. 29, 50, 193 A. 879, 889 (1937), and that legal expenses incurred to obtain one's actual release from unlawful confinement are thus ordinarily recoverable in an action for false arrest. Annot., 21 A.L.R.3d 1068, 1071 (1968). They correctly indicate, however, that on the precise question presented here the authorities are divided. *Compare, e.g., Fidelity & Deposit Co.* v. *Adkins,* 222 Ala. 17, 19, 130 So. 552, 553-54 (1930); *City of Miami Beach* .v. *Bretagna,* 190 So.2d 364, 365-66 (Fla. App. 1966); *Williams* v. *Shillaber,* 153 Mass. 541, 543, 27 N.E. 767, 768 (1891) (all denying recovery for post-release defense counsel fees); *and Worden* v. *Davis,* 195 N. Y. 391, 395-96, 88 N.E. 745, 746 (1909); *Simanton* v. *Caldbeck,* 96 Vt. 523, 525, 121 A. 411, 412 (1923) (permitting recovery).

In only a few of the pertinent cases is there any extensive reasoning articulated for the result reached, and neither party offers a compelling argument for the position he urges. Apparently, however, some courts deny recovery on the theoretical principle, as stated in *Williams* v. *Shillaber, supra* at 543, 27 N.E. at 767-68, that all actions arising from an initial invalid arrest are void, and that therefore any defense undertaken in such proceedings is wholly voluntary and hence not recoverable. That analysis was expressly rejected, however, in *Worden* v. *Davis, supra* at 395-96, 88 N.E. at 746, where the court took the more practical view that a person falsely arrested and charged will thereafter opt to defend himself on the assumption that the foundations of the prosecution are valid, rather than take the risks of disregarding those proceedings in reliance upon a subsequent ruling that they were void at the outset.

We find the latter reasoning to be convincing support for a general rule that reasonable legal fees shown to have been incurred in a person's defense against criminal prosecution resulting directly from his false arrest may be includible among the natural and probable consequences of that wrong and hence may be recoverable as damages.

Here the plaintiff's wrongful arrest led on the same day to the immediate preparation of the complaint and warrant upon which his prosecution was based. We conclude that in those circumstances the counsel fees in question were incurred by the plaintiff as a direct result of the defendant's tortious conduct and are, if reasonable, recoverable under the rule to which we subscribe.[1]

In accordance with our original opinion, the judgment appealed from is sustained on the assault and battery count and reversed on the false arrest count, and the case is remanded to the Superior Court with direction to enter a judgment for the plaintiff on the false arrest count for nominal damages plus such further amount, not exceeding $300, as the court shall determine the plaintiff reasonably expended for legal fees in defending against the criminal action stemming from the false arrest.

*Aram K. Berberian,* for plaintiff.

*Robert C. Hogan,* Asst. City Solicitor, *Joseph M. Berg,* Asst. City Solicitor, *William J. Toohey,* City Solicitor, for defendant.

---

[1]We reserve for a later case the question of whether the intervention of indictment or other substantial proceedings between a person's unlawful arrest and his later prosecution would compel a different result.