■   THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. BERNARD STROBLE, Defendant.   Motion for change of venue granted in accordance with memorandum decision in *People* v. *Hill* (42 A D 2d 679).

■   THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. ERIC THOMPSON, Defendant.   Motion for change of venue granted in accordance with memorandum decision in *People* v. *Hill* (42 A D 2d 679).

---

## (April 11, 1974)

■   JOHN W. BURDEN, Respondent, v. CITY OF NIAGARA FALLS et al., Appellants.— Judgment reversed, on the law and facts, without costs, and complaint dismissed.   Memorandum: Because of the statutory presumptions of illegal operation of a motor vehicle upon failure to produce a registration (Vehicle and Traffic Law, § 401, subd. 4) and operator's license (Vehicle and Traffic Law, § 501, subd. 1, par. e), the police officer had probable cause to justify the arrest and detain the plaintiff in lieu of bail (*Cimmino* v. *State of New York*, 29 A D 2d 587).   Even if, as the jury found, the other charges against the plaintiff were not supported by probable cause, where, as here, plaintiff's detention for both a lawful and an unlawful arrest is simultaneous and the elements of damage enumerated by him are co-extensive, there can be no recovery.   The only evidence offered by plaintiff relating to the issue of damages concerned the three-hour detention pending the posting of bail on the evening of October 4, his own distaste for the confinement in the jail, derision by his fellow employees because of his detention, mental anguish which he suffered and publicity.   No attempt was made however to distinguish which or what portion of the items of damage were attributable to the valid arrest and which to the invalid arrest.   Every unfavorable consequence of which plaintiff complains could as well be attributed to the valid arrest on the document charges as to the invalid arrest for reckless driving, and plaintiff demonstrated nothing which might be identified as damage from the illegal arrest.   Any attribution of damages to the arrest for reckless driving would be purely speculative and conjectural.   Likewise, there was no proof of damages suffered as a result of the reckless driving arrest following the dismissal of the document charges (see *Dennison* v. *State of New York*, 23 N Y 2d 996, mot. to amend remittitur granted 25 N Y 2d 904, cert. den. 397 U. S. 923; *Cohen* v. *State of New York*, 22 N Y 2d 728).   Accordingly, the complaint should be dismissed.   The cases of *Worden* v. *Davis* (195 N. Y. 391) and *Allen* v. *Fromme* (141 App. Div. 362) cited in the dissenting memorandum are distinguishable since they involved arrests made pursuant to void warrants.   We do not agree with the dissenter's contention that before holding plaintiff, the police officers had an obligation to make an independent investigation to determine whether the vehicle was being operated unlawfully.   The statute cited in support of that contention (CPL 140.20, subd. 4) was not in effect at the time of this arrest in 1970. All concur, except Cardamone, J., who dissents and votes to affirm the judgment, in the following memorandum: On October 24, 1970 at 8:00 P.M. appellant Hanks, an off-duty policeman employed by appellant City of Niagara Falls,

stopped and arrested the respondent, John Burden, while Burden was driving his automobile on Hyde Park Boulevard. The original detention was made, according to Hanks, because Burden was driving recklessly. Hanks further testified that he arrested Burden because he was unable to produce his driver's license and registration. He conceded that Burden advised him that these documents were at home on Cleveland Avenue, a few blocks away. Hanks finally claimed that he arrested Burden for his failure to produce and for reckless driving. At the station, Burden was booked for failure to produce his driver's license and registration, for reckless driving and for refusing to obey the lawful request of a police officer. Bail of $250 was set and after calling his wife and lawyer, Burden was then detained in a cell for two-and-a-half or three hours. Two days later the document charges were dismissed when Burden produced them before the Magistrate. Respondent was thereafter held for trial on the reckless driving charge upon which he was subsequently acquitted following a jury trial. Burden thereupon instituted an action for false imprisonment and obtained a judgment upon a jury verdict against the appellants in the amount of $2,500 from which this appeal has been taken. By its verdict, the jury clearly found that Police Officer Hanks lacked probable cause to arrest the respondent Burden for reckless driving. Such a determination finds ample support from the record. It reveals that Burden testified that he proceeded north in the west lane of the three northbound lanes for 50 to 100 feet before he put on his directional signal and moved to his right into the center northbound lane. Hanks testified that the respondent Burden was never in the western northbound lane, and that Burden turned directly into the center northbound lane in which he was driving. Thus, the parties directly contradicted each other. However, respondent Burden called an independent witness, Michael Burns, who completely substantiated his account of what happened, and thereby totally refuted Hank's representations of the manner in which this incident occurred. Since a jury verdict may be set aside as being against the weight of the credible evidence only when it " could not have been reached upon any fair interpretation of the evidence" (*Olsen* v. *Chase Manhattan Bank,* 10 A D 2d 539, 544; see, also, 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5501.21), it seems inescapable that the jury could have reached its verdict on a " fair interpretation " of the evidence foreclosing interference with that determination by this court. The majority conclude, however, that the detention was justified in any event by the concededly valid arrest for respondent's failure to produce a registration and license. From this view, I respectfully disagree. Even though respondent was properly arrested for the failure to produce, such offense was merely a traffic infraction (Vehicle and Traffic Law, § 155). Where there is an arrest without a warrant, as here, the Criminal Procedure Law (CPL 140.20) mandates the procedures to be followed. Subdivision 4 of the section provides that, " if after arresting a person, for any offense, a police officer upon further investigation or inquiry determines or is satisfied that there is not reasonable cause to believe that the arrested person committed such offense or any other offense based upon the conduct in question ", then he is not required to follow the procedures mandated in the previous subdivision, " but must immediately release such person from custody." Although as the majority note this statute was not in effect at the time of Burden's arrest, nevertheless, this obligation has always existed as a matter of simple common sense. Thus, Professor Denzer observes in the Practice Commentary: " Without subdivision 4, this section would, literally if illogically, require an arresting police officer to go through with one of the designated post-arrest procedures even though upon investigation

he found the arrestee to be completely innocent. While the proposition may seem so preposterous as not to require explicit rejection, the fourth subdivision removes any possibility of doubt in the matter." (Denzer, Practice Commentary, McKinney's Cons. Laws of N. Y., Book 11A, CPL 142.20, p. 525.) Therefore at the time of Burden's arrest there was at least a common-law obligation imposed upon the police to investigate his claim that he was innocent of the documentary charges lodged against him. It is conceded that Officer Hanks at the time of the arrest knew that respondent lived only a few blocks from the station and that he claimed that his documents were in his wallet on his bureau. Burden's call from the station house revealed that his wife was at home. It would have been a matter merely of a few minutes for her to produce respondent's license and registration at which time he would have been released on the document charge. The respondent should have been given an opportunity to produce his documents in which case he should then have been released upon their being tendered and not have been incarcerated for three hours. The common-law obligation recently codified in the statute previously cited (CPL 140.20, subd. 4) did not permit the arresting officer to ignore respondent's claim of innocence and to refuse to investigate further and grant respondent an opportunity to demonstrate the accuracy of his claim. This is particularly apparent where a traffic infraction is involved. The legislative history of the traffic infraction provsions of the law reveal that the stigma of criminality was not to attach (1934 Public Papers of Governor Herbert H. Lehman, p. 345), and that the denomination of this kind of violation of the Vehicle and Traffic Law as an "infraction" was "solely to prevent the offender's being adjudged and treated as a 'criminal'" (cf. *Squadrito* v. *Griebsch,* 1 N Y.2d 471, 478). The arresting officers' intentional failure to investigate the respondent's plausible and in fact undisputed explanation of where his documents were amounted to a breach of his duty to make a further investigation. The subsequent incarceration was a continued breach of that duty for which respondent has a cause of action for false imprisonment (Prosser, Torts [4th ed., 1971], § 11, pp. 46, 47). In coming to such a conclusion, I am mindful of the fact that the police would not have had the duty imposed to investigate respondent's claim of innocence with respect to the documentary charges, if, in fact, there had actually been probable cause for the reckless driving charge. The majority concede, however, that there was no probable cause for reckless driving. Absent probable cause for that charge, the police were then, as previously pointed out, required to investigate Burden's claim of innocence with respect to the documents charge. I cannot accept the majority view that the "elements of damage enumerated by him are coextensive" since the documentary charges could have been readily rebutted by production of the documents at the station house, completely eliminating the three-hour incarceration. In any event, the document charge was dismissed two days after the arrest. Nevertheless, the respondent was thereafter held for trial on the illegal reckless driving charge. False imprisonment is not limited to the time of physical restraint or incarceration, but properly may also include the period during which the arrested person is free on bail pending disposition of an illegal charge (22 N. Y. Jur., False Imprisonment, § 8, p. 416). Therefore, the period of time from the dismissal of the document charge until the bail bond was vacated upon respondent's acquittal of the reckless driving charge — a period of a few months — constituted false imprisonment (*Worden* v. *Davis,* 195 N. Y. 391, 397; *Allen* v. *Fromme,* 141 App. Div. 362). In my view the trial court was fully justified in denying appellants' motion to dismiss the respondent's complaint. I dissent and vote to affirm the judgment granted

respondent upon the jury verdict. (Appeal from judgment of Niagara Trial Term in action for damages for false imprisonment.) Present — Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.