■          JOSEPH CIMMINO, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 43794.) — GIBSON, P. J.  Appeal by the State from a judgment of the Court of Claims which awarded damages for false imprisonment.  On March 18, 1964 at about 1:30 P.M., two New York State Police investigators entered and searched a tailor shop in the City of Schenectady, pursuant to a valid search warrant, issued upon the basis of information that the premises were being used as a betting establishment and for book-making, in violation of sections 973 and 986, respectively, of the former Penal Law.  When the officers entered, they found claimant and two other men playing cards in a room about 12 feet by 12 feet in size to the rear of, and connected with the the room opening upon the street; and upon a couch in this rear room in which defendant sat they found two slips of paper, which were clearly records of bets upon horse races, at least one of which was to be run that day, the possession of which slips constituted a misdemeanor under section 986-b of the former Penal Law. Claimant admitted that he was in charge of the establishment in the absence of his brother, the proprietor; and his brief in this court states that he "was temporarily minding the establishment".  The police officers arrested claimant for possession of the betting slips, in violation of said section 986-b, the arrest being in asserted compliance with subdivision 1 of section 177 of the Code of Criminal Procedure, then providing that a peace officer " may, without a warrant, arrest  *  *  *  For a crime, committed or attempted in his presence, or where a police officer  *  *  *  has reasonable grounds for believing that a crime is being committed in his presence. "  Claimant was subsequently tried in the Police Court and acquitted.  He then brought this action for false imprisonment.  In determining the claim, the trial court erroneously held that the only question to be decided was whether the fact that the slips were found in the room of which claimant was in charge put them in the possession of the claimant within the meaning of section 986-b; and the court thereupon found that it did not, and awarded judgment to claimant.  The question which the Court of Claims thus posed was that as to claimant's guilt or innocence, which had to be, and was decided in the Police Court.  The issue in the tort action before the Court of Claims, however, was not the claimant's guilt, but whether the police officers had "reasonable grounds for believing that an offense [was] being committed in [their] presence. "  (Code Crim. Pro., § 177, subd. 1.)  This may be established as a defense to the action "though· it may turn out that the person arrested or prosecuted was innocent.  It is not necessary for the defendant in this class of actions to establish that the person arrested was actually guilty. "  (Schultz v. Greenwood Cemetery, 190 N. Y. 276, 278.)  The presence of the betting slips denoted the commission of a crime by the possessor or possessors and, under section 986-b, proof of possession was "presumptive evidence of possession thereof knowingly. "  The trial court made no finding with respect to the true issue; and we find, upon the preponderant evidence, that the officers could reasonably conclude that claimant's conceded custody and possession of the premises constituted possession, and knowing possession, of the betting slips openly exposed in the small room in which claimant' sat.  Claimant's custodial function, at the time at least, being conceded, we need not consider the relevance of the evidence that at the time he was minding the shop he was unemployed, or otherwise unemployed as the case may be, or the proof that when leaving the premises with the officers he locked the door with a key in his possession.  Judgment reversed, on the law and the facts, and claim dismissed, without costs.  Gibson,

P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.