KENNETH G. BROUGHTON, as Father and Natural Guardian of SUSAN M. BROUGHTON, an Infant, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 50612.)

Third Department, February 14, 1974.

**390**

*Louis J. Lefkowitz, Attorney-General (Jeremiah Jochnowitz* and *Ruth Kessler Toch* of counsel), for appellant.

*Donald Tirschwell* for respondent.

COOKE, J. This is an appeal from a judgment, entered Ma, 29, 1973, upon a decision of the Court of Claims.

On the evening of November 14, 1967, claimant was present with Celic Fago in a trailer leased to certain other parties. Claimant was dressed in street clothes, Miss Fago in a bathrobe. At about 10:00 P.M., officers from the Bureau of Criminal Investigation arrived at the trailer armed with a search warrant and were admitted by claimant. They advised her that they intended to search the trailer, and she responded that it was not hers. The ensuing search revealed about three pounds of marijuana secreted throughout the premises. Both girls were placed under arrest and taken to the Stony Point Barracks. Claimant was fingerprinted, photographed and searched, no drugs having been found on her person. She was arraigned on a charge of criminal possession of a dangerous drug in the first degree (former Penal Law, § 220.20), was released on bail, and was indicted subsequently upon the same charges. Her motion to dismiss the indictment was granted, the County Court concluding "there is not a scintilla of evidence to indicate that the defendant resided at this residence, nor is there any evidence whatever from which it could possibly be inferred that she had any knowledge of the existence of the marijuana which was found secreted in this residence." In related proceedings,

the search warrant was found defective (see *People* v. *Broughton,* 30 A D 2d 813, affd. 23 N Y 2d 809). As a result of her arrest, claimant lost her job as a secretary and was unable to secure employment for several months. The incident received publicity via a local newspaper and a local radio station. Claimant also incurred substantial legal expenses in connection with the criminal proceedings against her and in seeking return of her fingerprints.

A claim against the State seeking damages for false arrest was filed and, following a bifurcated trial, claimant was awarded damages for "lost wages, mental anguish, humiliation and anxiety" together with a sum for legal services rendered in her defense. On this appeal the State argues that it is not liable to claimant for damages since its agents had reasonable grounds to arrest her and that, in any event, damages, if awarded, should be limited to those sustained prior to her arraignment.

Whether the State is liable in damages for false arrest depends on whether the arresting officers had reasonable grounds for believing that an offense was being committed in their presence and that claimant was committing it (*Dixson* v. *State of New York,* 30 A D 2d 626; *Cimmino* v. *State of New York,* 29 A D 2d 587).

No claim is made that the police officers were under the impression that claimant resided at the trailer nor would such a claim be credible in view of the testimony before the Grand Jury. She was present in street clothes, gave her address and explained her presence. She was not one of the persons named in the warrant. More importantly, none of the drugs were in plain view but were concealed in various places throughout the trailer. One of the officers testified before the Grand Jury that he detected an odor of marijuana in the trailer. However, his testimony was contradicted by claimant who was also familiar with the scent of that drug and neither the County Court nor the Court of Claims mentioned the presence of such an odor in their respective findings. There is no proof that she exercised any control over the trailer or its contents. On these facts, the Court of Claims had a right to find in favor of claimant.

The State's reliance on *Cimmino* v. *State of New York* (*supra*) is misplaced. There, the claimant and two others were in a small room in the back of a tailor shop when a valid search warrant was served. Policy records were lying on a couch in the room. Claimant was admittedly in charge of the premises in the proprietor's absence. Thus, although claimant was

acquitted of the charges stemming from the search, he was not entitled to damages for false imprisonment because, as the court therein stated, the officers " could reasonably conclude that claimant's *conceded custody and possession of the premises* constituted possession, and knowing possession, of the betting slips *openly exposed* in the small room in which claimant sat." (29 A D 2d 587; emphasis supplied.) More pertinent is *De Bonis* v. *State of New York* (37 A D 2d 878), where this court affirmed an award of damages for false arrest and false imprisonment to claimant who was arrested, following a search of his father's home, for no reason other than his presence in the dwelling where he lived. The search uncovered betting slips hidden in a buffet drawer in the living room and in a garbage bag in the kitchen. Here, as in *De Bonis*, the only proof connecting claimant with the crime charged, was her presence in the dwelling where the contraband was found secreted. What makes the State's position even weaker is that here, unlike the situation in *De Bonis*, claimant did not reside on the premises, nor was she the sole occupant thereof at the time of the search. The trial court thus properly concluded that the officers had no reasonable grounds to arrest claimant and that the State was liable in damages for false arrest.

It remains to be considered whether the proper measure of damages is limited to those sustained prior to the arraignment. We recently rejected that position and held that the cost of legal defense flowing from a false arrest was a proper subject of compensation (*Schanbarger* v. *Kellogg*, 43 A D 2d 362; see, also, *Worden* v. *Davis*, 195 N. Y. 391, 395–396). In the instant case, as a proximate result of claimant's false arrest, she was required to defend herself in protracted litigation which terminated in vindication by the Court of Appeals. Such legal expenses reasonably resulting from the false arrest are a proper item of damages. The award of damages for legal expenses is not otherwise challenged as excessive and, in any event, is fully supported by the record.

The judgment should be affirmed, with costs.

GREENBLOTT, J. P., SWEENEY, KANE and MAIN, JJ., concur.

Judgment affirmed, with costs.