359 So.2d 247 (1978)
Reggie Glenn SKAINS, Plaintiff-Appellant,
v.
I. H. TIDWELL, Defendant-Appellee.
No. 13545.
Court of Appeal of Louisiana, Second Circuit.
May 1, 1978.
*248 Baker, Culpepper & Brunson by Joseph A. Cusimano, Jr., Jonesboro, for plaintiff-appellant.
Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs and George C. Harrod, Jr., West Monroe, for defendant-appellee.
Before BOLIN, PRICE and HALL, JJ.
BOLIN, Judge.
This is a suit for damages arising out of a fist fight between plaintiff and defendant. The trial court found plaintiff landed the first blow and rejected his demands because he was the aggressor. Additionally, since the court determined defendant's cursing plaintiff provoked the fight, it rejected defendant's reconventional demand. Plaintiff appeals and defendant answers the appeal. We affirm the ruling on the principal demand, but reverse the ruling on the reconventional demand.
The issues are: (1) Does the evidence support the finding that plaintiff was the aggressor? (2) If so, should defendant nevertheless be denied recovery because his verbal abuse provoked physical retaliation?
In addition to the combatants, there were two eye-witnesses to this fight which took place in plaintiff's pasture, namely, plaintiff's foreman and defendant's business partner. There was little dispute concerning the events leading up to and immediately preceding the fight. Plaintiff and defendant had been involved in land transactions; their relationship had been gradually deteriorating until the time of the incident in question.
Defendant confronted plaintiff about the latter's failure to close a pasture gate, thereby risking the escape of defendant's cattle. There was an abusive verbal exchange, defendant admitting he cursed plaintiff first. Plaintiff and his foreman testified defendant then landed a hard slap with the heel of his hand over plaintiff's left eye.
Defendant's companion and business partner, who was called as a witness by plaintiff, related that defendant had raised his open left hand to ward off plaintiff's anticipated blows; that this hand may have touched the side of plaintiff's head as the latter moved toward defendant. Defendant corroborated this version of the incident. Both parties testified plaintiff then administered a sound beating to defendant, who subsequently chased plaintiff with a pocket knife before he became calm and left the premises.
Plaintiff exhibited no external bruises or other signs of a beating after the fight; however, he entered the hospital some twelve days later suffering from a severe sinus infection which had spread to the orbital area around his left eye. Defendant received medical treatment for his injuries *249 on the day of the fight and continued to experience some pain for a short period of time thereafter.
The trial court found plaintiff struck the first blow. Since there is sufficient evidence to support this factual finding, which was the basis for denying plaintiff's recovery, we affirm that portion of the judgment dismissing plaintiff's main demand. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
In denying defendant recovery for his injuries, the trial court stated:
In view of the strained relations that existed between Skains and Tidwell, the latter should have assumed that by calling Skains a "lying S.O.B." some kind of physical retaliation was extremely likely. Therefore, it is concluded that Skains was provoked by this verbal onslaught to commit the ensuing battery and that Tidwell cannot recover damages.
In reaching this conclusion, the trial court relied on Baughman v. Wells, 171 So.2d 759 (La.App. 2d Cir., 1965) and Gross v. Great Atlantic & Pacific Tea Co., 25 So.2d 837 (La.App.Orl., 1946).
We hold it was an error of law to find that defendant's words, however provocative, excused plaintiff's battery. Morneau v. American Oil Company, 272 So.2d 313 (La.1973); Richardson v. Zuntz, 26 La. Ann. 313 (1874). The Morneau case specifically overruled numerous contrary decisions of the courts of appeal, including the two cases relied on by the trial court.
Our law recognizes that the victim's verbal provocation may be considered to mitigate damages. Morneau v. American Oil Company, supra. We find defendant's abusive verbal attack on plaintiff's veracity and lineage, in the context of the parties' previous unpleasant encounters, was calculated to provoke plaintiff's physical retaliation. The record contains no evidence of defendant's medical expenses and, since the minimal injuries suffered by defendant may be mitigated, we find a nominal award of $100 would be just and adequate.
Insofar as it dismisses defendant's reconventional demand, the trial court's judgment is reversed, and there is judgment for I. H. Tidwell against Reggie Glenn Skains for $100 plus interest from date of judicial demand until paid. In all other respects, the judgment is affirmed; costs are to be divided equally between appellant and appellee.