375 So.2d 159 (1979)
John David NORRELL, Plaintiff-Appellant,
v.
CITY OF MONROE, Defendant-Appellee.
No. 13888.
Court of Appeal of Louisiana, Second Circuit.
August 27, 1979.
*160 Bruscato & Loomis by Philip T. Deal, Monroe, for plaintiff-appellant.
Edward R. Greenlee, Monroe, for defendant-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
PRICE, Judge.
Plaintiff filed this suit seeking damages for false arrest and imprisonment, malicious prosecution, and personal injuries resulting from an arrest and coincidental battery on him by a Monroe police officer. Finding the arrest valid and the force used by the officer reasonable and justified, the trial court rendered judgment in favor of defendant. Plaintiff appeals and we reverse.
The incident in question occurred shortly before 6:00 a. m. on the front lawn of plaintiff's parents' home. Plaintiff had just finished breakfast and was waiting there for his father with whom he had planned to ride to work. Officer Larry Martin had been called to the neighborhood to investigate a complaint of two suspicious-looking white males standing in front of a residence a few doors down. It was dark at the time, and the officer was using a spotlight to locate the address referred to him in the complaint.
After locating the address and failing to find anyone standing in front of the residence, the officer continued his investigation by scanning the lawns of the neighboring homes with the spotlight. While doing so he noticed plaintiff seated at the edge of a ditch in front of his parents' residence and directed the light into plaintiff's face. Plaintiff became angry and told the officer to "get that God damned m_ _ _ _ _ f_ _ _ _ _ out of my eyes." Officer Martin then left the patrol car and approached plaintiff who remained seated on the ground.
There is a conflict in the testimony as to exactly what occurred after the officer left the car. Plaintiff testified Officer Martin pulled out his billy club while approaching and upon reaching him immediately struck him with it causing a serious gash in his head. He stated the officer continued to beat him with the club until members of his family and a household guest arrived on the scene. He further stated that he made no attempt to strike the officer or make any additional comments to him. This version of the incident is corroborated by plaintiff's family and the house guest, all of whom claimed to have witnessed the confrontation.
Officer Martin testified that he became concerned at plaintiff's initial remark and left his car to further investigate. Upon reaching plaintiff, who was still seated on the ground, the officer asked him to repeat the remark. When plaintiff repeated the remark, the officer told him to stand up. Officer Martin testified plaintiff then responded with "f_ _ _ you," at which time he told plaintiff he was under arrest and reached down grabbing him on the shoulder. Plaintiff jerked away from the officer, struck at him with his hand, and then rolled onto his back and began kicking. The officer testified it was only after he had been struck that he drew his billy club and began using it to subdue plaintiff. This version of the incident is partially corroborated by another police officer who testified that when he arrived on the scene he saw plaintiff lying on his back kicking Officer Martin. Both officers testified there *161 was no one present at the scene other than plaintiff and one other person.
After plaintiff had been subdued and handcuffed by the two officers, he was transported to the hospital for treatment of the large gash in his head that resulted from the altercation. He was then taken to police headquarters where he was charged with disturbing the peace, resisting arrest, and battery. He remained in jail only a short while before posting bond and was later acquitted of all charges.
In finding for defendant, the trial court chose to believe the officer's version of the incident rather than the version related by plaintiff's witnesses. In its reasons for judgment the court stated this was largely due to several inconsistencies in the testimony of plaintiff's witnesses regarding certain details of the arrest. Our review of the testimony indicates that although the issue is extremely close, the trial court's conclusions are not clearly wrong. Consequently, we accept the factual findings made by the trial court and adopt the version of the incident related by Officer Martin.
Having resolved the factual dispute, the next issue is whether the arrest of plaintiff by Officer Martin, under these facts, was lawful. Code of Criminal Procedure Article 220 provides that reasonable force may be used to effect a lawful arrest. However, our courts have also held a citizen has the right to use reasonable force to resist an unlawful arrest. City of Monroe v. Ducas, 203 La. 974, 14 So.2d 781 (1943); White v. Morris, 345 So.2d 461 (La.1977); and the physical attack of a private citizen by a police officer absent a valid arrest constitutes a battery, Malone v. Fields, 335 So.2d 538 (La.App.2d Cir. 1976).
Plaintiff contends Officer Martin had no probable cause to believe he had committed any crime at the time he was placed under arrest, and consequently, the officer's use of physical violence to overcome plaintiff's resistance constituted a battery. Plaintiff further contends that lacking probable cause his arrest and subsequent detention was without color of legal authority and constituted a false arrest and imprisonment. We agree.
When Officer Martin first discovered plaintiff, he had no reason to believe any crime had been committed at all, much less that plaintiff had committed a crime. Although the facts might support a finding that the officer had a reasonable suspicion to demand plaintiff's name, address, and an explanation of what he was doing under Code of Criminal Procedure Article 215.1, the officer did not request any such information. Even assuming for the sake of argument that this was his original intention when the officer encountered plaintiff, we note that refusal to supply this information on demand does not, without more, provide a basis for arrest. White v. Morris, supra.
Consequently, the only basis for plaintiff's initial arrest for disturbing the peace[1] would be his disrespectful remarks to the police officer. The Louisiana Supreme Court has held that abusive words, including specifically the invective "f_ _ _ you," uttered to a police officer upon his attempt to question a suspect are protected free speech. City of New Orleans v. Lyons, 342 So.2d 196 (La.1977), White v. Morris, supra. Furthermore, in White the court also held a citizen's cursing of a police officer cannot justify an arrest for resisting an officer (La.R.S. 14:108(c)) or criminal mischief (La. R.S. 14:59(7)).
While we find plaintiff's actions may have justifiably angered the officer as an affront to his authority, they did not constitute criminal activity. Consequently, plaintiff's arrest was unlawful and the officer's use of physical violence to overcome plaintiff's resistance rendered defendant, as the officer's employer, liable for damages *162 plaintiff suffered resulting therefrom. Furthermore, since the arrest was made without color of legal authority, defendant is also liable to plaintiff for damages resulting from his wrongful arrest and detention.
Plaintiff failed to submit proof to support his claim for medical expenses and we consider only his claims for loss of wages and general damages.
Plaintiff has shown he was unable to work between two and three weeks because of his head injury. Plaintiff was employed as an iron worker at $9.35 per hour.
Plaintiff's claim for general damages must be considered in light of his own conduct in provoking the police officer. The insulting language directed at the officer and plaintiff's belligerent attitude were substantial causes of the confrontation which resulted in plaintiff's injury. Therefore, the damages to which he is entitled should be mitigated because of this conduct. Morneau v. American Oil Company, 272 So.2d 313 (La.1973); Johnson v. Powell, 338 So.2d 177 (La.App.2d Cir. 1976); Skains v. Tidwell, 359 So.2d 247 (La.App.2d Cir. 1978).
We conclude that plaintiff should be awarded $1,200 under the circumstances presented.
The judgment of the trial court is reversed and set aside. It is further ordered there be judgment in favor of plaintiff against defendant for $1,200 with legal interest from date of judicial demand. Costs are assessed against defendant.
NOTES
[1] The record does not clearly indicate which statute plaintiff was charged with violating. We note that La.R.S. 14:103A(2), making the use of unnecessarily offensive or insulting language the crime of disturbing the peace, has been declared unconstitutional and has not been re-enacted by the legislature. State v. Adams, 263 La. 286, 268 So.2d 228 (1972).