392 So.2d 772 (1980)
Sharon MOSS et al., Plaintiffs-Appellants,
v.
MARYLAND CASUALTY COMPANY et al., Defendants-Appellees.
No. 7962.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
Peter C. Piccione, Lafayette, for plaintiffs-appellants.
Patrick J. Briney, Lafayette, for defendants-appellees.
Before FORET, CUTRER and LABORDE, JJ.
LABORDE, Judge.
Plaintiff Sharon Moss sued to recover damages for false imprisonment resulting from her refusal to sign a traffic ticket summons. Made defendants were Officer John Robert, his employer, the City of Lafayette and insurer of the City, Maryland Casualty Company. Plaintiff appeals a decision of the trial court dismissing her suit. The sole issue on appeal is whether or not the trial court erred in its determination that the police officer had the authority to arrest the plaintiff in this situation. We affirm. Under LSA-R.S. 32:391, Officer Robert had the authority to arrest the plaintiff. We find the trial court's decision to be clearly correct.
*773 On July 16, 1977, Mrs. Moss parked her automobile on the wrong side of Coolidge Avenue, in a marked no parking zone next to Abdalla's Department Store in Lafayette, Louisiana. Mrs. Moss's automobile partially blocked one of the four lanes of traffic on Coolidge Avenue.
While on patrol, Officer John Robert, a uniformed member of the Lafayette Police Department, noticed Mrs. Moss's automobile parked in a hazardous position and stopped to issue a ticket and have the automobile towed away.
Shortly after Officer Robert stopped, an employee of the store came out and offered to move the automobile. Because the employee was not the owner, Officer Robert would not allow him to move the automobile and requested him to ask the owner to come out to receive a ticket for improper parking.
Then Mrs. Moss came out and gave Officer Robert her driver's license, which had expired. As Officer Robert was writing the tickets in his patrol car, Mrs. Moss reentered the store. At this point there is a conflict in the testimony. Officer Robert testified that after he completed writing the tickets, he entered the store and presented the tickets for her to sign, but that she refused to do so. Mrs. Moss testified that she never saw the tickets and was never asked to sign them.
After Mrs. Moss and Officer Robert had walked outside, Officer Robert informed Mrs. Moss that she would have to be placed under arrest. Upon hearing this, Mrs. Moss tried to return to the store but was prevented from doing so because Officer Robert grabbed her by the arm. She was then placed under arrest and brought to the police station without further resistance. She was held for approximately thirty minutes. She was released after she signed the tickets.
In an action for damages by reason of false arrest, the sole question is whether or not the detention is under the color of legal authority. Wells v. Gaspard, 129 So.2d 245 (La.App. 3rd Cir. 1961); Meyers v. Edwards, 256 So.2d 337 (La.App. 1st Cir. 1971). The plaintiff herein contends that Officer Robert had no authority to arrest her for a traffic violation.
This contention is without merit. Traffic regulations are penal in nature and violations of such are punishable by imprisonment as well as by fine. LSA-R.S. 32:57. LSA-R.S. 32:41 gives local municipal authorities the power to adopt and enforce traffic regulations not in conflict with state law. The authority to arrest a person for violation of a traffic regulation is based upon LSA-R.S. 32:391 which reads in part:
"A. Whenever any person is arrested for a violation of any provision of this Chapter or any regulation of the department or of the secretary of the Department of Public Safety adopted pursuant thereto, except as otherwise provided in this Section, the arresting officer shall take his name, address, the license number of his motor vehicle, and the number of his operator's license, and shall issue a summons or otherwise notify him in writing to appear at a time and place to be specified in such summons and notice. The time shall be at least five days after arrest, unless the person arrested demands an earlier hearing. If the person arrested demands an earlier hearing, he shall have a right to an immediate hearing or a hearing within twenty-four hours, at a convenient hour, to be before a magistrate within the parish where the offense was committed. Except as otherwise provided in this Section, the person arrested shall have the option of remaining in custody pending his furnishing bail as fixed by a magistrate or depositing his operator's license with the arresting officer, as provided in R.S. 32:411.
B. If the person arrested holds a Louisiana operator's license and gives his written promise to appear at the time and place stated, the officer may release him from custody or take him immediately before a magistrate, but shall not require the person arrested to deposit his operator's license. Any such person refusing to give the written promise to appear shall be taken immediately by the arresting *774 officer before the nearest or most accessible magistrate having jurisdiction...." (Emphasis Supplied)
The trial court concluded that Mrs. Moss refused to sign the ticket, therefore, Officer Robert had the authority and the duty under LSA-R.S. 32:391 to arrest her. This court will not overturn a trial court's determination unless it is clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our review of the entire record reveals that the decision of the trial court is correct.
For the above and foregoing reasons, the judgment of the trial court dismissing the plaintiffs' suit is affirmed. All costs are taxed to the plaintiffs-appellants.
AFFIRMED.