479 So.2d 506 (1985)
Donnie ROSS
v.
SHERIFF OF LAFOURCHE PARISH, et al.
No. 84 CA 1024.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
*508 Ralph D. Hillman, Thibodaux, for plaintiff-appellee Donnie Ross.
Huntington B. Downer, Jr., Houma, for defendants-appellants Allen Wall, Michael Martin, John Molyneaux, and Sheriff Duffy Breaux.
Delbert Talley, Gretna, for defendants-appellants City of Thibodaux, Officer Larry Bland, and Officer Patrick Branighan.
Jerald P. Block, Thibodaux, for defendants and plaintiffs in reconvention-appellants Allen Wall, Michael Martin, and John Molyneaux.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
Plaintiff, Donnie Ross, filed suit for false arrest and battery. Named as defendants were: three Lafourche Parish deputies, Allen "Hap" Wall, Michael Martin and John Molyneaux; their employer, Lafourche Parish Sheriff Duffy Breaux; two city policemen, Patrick Branighan and Larry Bland; and, their employer, the City of Thibodaux. Plaintiff later amended his petition seeking recovery under 42 U.S.C.A. § 1983 and § 1988 (Civil Rights Act).
Defendants Wall, Martin, and Molyneaux filed a reconventional demand seeking damages for malicious prosecution and for injuries resulting from the incident which gave rise to plaintiff's suit.
The trial court ruled that plaintiff had not proven his § 1983 claim, but did prove false arrest and battery. Accordingly, judgment was rendered against all defendants and in favor of plaintiff in the amount of $5,000.00 for the tort claims and the claims under § 1983 and § 1988 were dismissed. Judgment was also rendered against defendant Branighan and the City of Thibodaux for $1,370.50 in medical expenses and $2,500.00 in general damages for an additional battery committed by Branighan.
From this adverse judgment, defendants appeal.[1] Plaintiff answered the appeal maintaining that the trial judge improperly dismissed his § 1983 claim and that the award of damages is insufficient.

ISSUES
The defendants contend that the trial judge's findings of fact are not supported by the evidence.
Plaintiff answered the appeal, contending the dismissal of his claim under 42 U.S.C.A. § 1983 and § 1988 was error and requests that this court increase his damage award.

FACTS
The incident which forms the basis of this lawsuit occurred during the early morning hours of April 10, 1981, in the parking lot of the Pitt Grill Restaurant in Thibodaux, Louisiana. Plaintiff had stopped at the restaurant for breakfast after working a 4:00 p.m. to midnight shift. While seated in the restaurant, he looked out of the window and observed a small car with two young women inside, which had stopped in the middle of the restaurant parking lot. Directly behind the car was a station wagon. From the station wagon, a large male had emerged. He approached the small car on its driver's side and opened his wallet in a manner which suggested to plaintiff that the man was identifying himself to the driver.
*509 The station wagon held two other male occupants who exited the vehicle and approached the small car. None of the men were wearing police uniforms, and there were no markings on the station wagon. Sensing something irregular about the situation, plaintiff walked outside to make a personal investigation. He proceeded past the men, stopped to peer into the station wagon, then went to the rear of the vehicle to determine whether it was registered as a public or private vehicle. The station wagon had a private license plate.
Plaintiff then went to his own car, which was parked nearby, got a pencil and paper, and approached the station wagon where he jotted down the license plate number. As he was returning to his car, plaintiff was confronted by defendants, Molyneaux and Martin.
Testimony conflicts as to whether Molyneaux identified himself as a police officer. Martin asked if he could help plaintiff, to which plaintiff responded that he could not. Plaintiff returned to his car, deposited his pencil and paper, then turned to go back to the restaurant. At this point, Detective Wall stepped in his path.
Wall identified himself as a police officer and asked plaintiff what he was doing. Plaintiff replied that he was not obligated to provide any information to Wall. Wall then asked plaintiff for identification, which plaintiff refused to supply. As Wall persisted, plaintiff became belligerent, injecting foul language into his protestations. He then tried to return to the restaurant.
As plaintiff attempted to pass Wall, the officer grabbed his arm and advised plaintiff that he was under arrest for "interfering with the duties of a police officer." Plaintiff pulled his arm from Wall's grasp, questioning the officer's authority to place him under arrest and attempted to return to the restaurant. At this point, Wall tried to grab plaintiff, and a scuffle took place. Plaintiff was eventually thrown onto the trunk of a nearby car by Wall. He continued to resist the officer's restraint. Defendant Martin came to Wall's aid. Both tried to place handcuffs on plaintiff. During this time, apparently Molyneaux was watching the small car which had been pulled over for the traffic violation.
While the struggle was going on, the restaurant manager called the Thibodaux Police Department for assistance. Defendants Branighan and Bland responded to the call. Plaintiff, a former auxiliary police officer for the City of Thibodaux, claims he recognized Branighan and Bland, and upon their arrival, submitted to being handcuffed by Martin and Wall. Branighan approached plaintiff and applied a "choke" hold on plaintiff's neck, blocking the wind passage in his throat. It is at that point the handcuffs were actually secured on plaintiff with the assistance of Bland.
Plaintiff admits that he began cursing after the choking incident because he was injured and confused as to why the officers he knew had hurt him. He denies cursing and using foul language prior to this. Plaintiff testified that as he was being taken to the police car, he was again grabbed by the throat by Branighan.
Plaintiff was taken to police headquarters and charged with resisting an officer. He was convicted in the 17th Judicial District Court, but this conviction was overturned by the Louisiana Supreme Court for insufficient evidence.[2]
After being released on bond from police headquarters several hours after the incident, plaintiff went to the hospital to have his throat and wrists examined. He claims personal injuries as part of his damage. This suit followed.

DEFENDANTS' ASSIGNMENTS OF ERROR
The first issue is whether the trial judge was manifestly erroneous in his findings of fact.
The elements of the tort of false arrest (imprisonment) are set forth in O'Conner v. Hammond Police Dept., 439 *510 So.2d 558, 560 (La.App. 1st Cir.1983) as follows:
The tort of false imprisonment has two essential elements: (1) detention of a person; and (2) the unlawfulness of such detention. Fontenot v. Lavergne, 365 So.2d 1168 (La.App. 3rd Cir.1978). Unlawful detention is restraint without color of legal authority. Kyle v. City of New Orleans, 353 So.2d 969 (La.1977); Moss v. Maryland Casualty Company, 392 So.2d 772 (La.App. 3rd Cir.1980). Thus, if an arrest is made either without any legal process or warrant or under a warrant void and null upon its face, a false imprisonment has occurred. De Bouchel v. Koss Const. Co., 177 La. 841, 149 So. 496 (1933); Cox v. Cashio, 96 So.2d 872 (La.App. 1st Cir.1957). However, if a person is arrested pursuant to statutory authority, there is no liability for damages for false imprisonment. Kyle, 353 So.2d at 971; Gerard v. Parish of Jefferson, 424 So.2d 440 (La.App. 5th Cir.1982), writs denied 430 So.2d 75, 78 (La.1983). The burden is on a plaintiff to prove that the arrest was made without color of legal authority. Cerna v. Rhodes, 341 So.2d 1157 (La.App. 1st Cir. 1976), writ denied 343 So.2d 1067 (La. 1977).
The jurisprudence further establishes that the physical attack of a private citizen by a police officer absent a valid arrest constitutes a battery. Norrell v. City of Monroe, 375 So.2d 159 (La.App. 2nd Cir.1979); Malone v. Fields, 335 So.2d 538 (La.App. 2nd Cir.1976).
In the case sub judice, defendants contend that plaintiff's arrest was lawful and that the force used to arrest plaintiff was justified. Defendants reason that plaintiff's arrest was lawful because plaintiff impeded their investigation of a traffic violation committed by the driver of the small car which they had stopped in the parking lot of the Pitt Grill. The record supports the trial judge's finding that plaintiff did not impede the officers' investigation. He did not confront them verbally or physically, nor did he question their authority. He merely walked past them, looked into their car, and wrote down a license plate number. Although plaintiff says he only looked in the door of the car, the officers said he stuck his upper torso inside. They said the car had a gun on the front seat and in the glove box, and they were concerned that plaintiff had taken a weapon from the car. No one, however, checked to see whether one of the guns was missing to confirm this suspicion. Clearly, plaintiff had not impeded their investigation.
Defendants further reason that plaintiff's arrest was justified because plaintiff refused to identify himself when requested to do so by a police officer. However, refusal to supply a name and address on demand does not, without more, provide a basis for arrest. Norrell v. City of Monroe, supra; White v. Morris, 345 So.2d 461 (La.1977).
The trial judge concluded that the facts did not show plaintiff had done any act to arouse a suspicion that he had committed, was committing, or was about to commit an offense. The trial judge determined that plaintiff was arrested because of his disrespectful remarks to the police officers. While such actions may have justifiably angered the officers as an affront to their authority, such language, contrary to the argument of defendants, does not itself provide a valid reason for arrest. See City of New Orleans v. Lyons, 342 So.2d 196 (La.1977); State v. Meyers, 462 So.2d 227 (La.App. 4th Cir.1984), relative to constitutionally protected speech. Cf. Norrell v. City of Monroe, supra.
The trial court correctly found no justification for plaintiff's arrest. The trial judge also found all defendants liable for battery and false arrest. We disagree.
In the case sub judice, the record clearly indicates that Molyneaux did not participate in plaintiff's arrest or restraint. Furthermore, the record is devoid of any evidence that Molyneaux ever came in contact with plaintiff. Clearly, under the aforementioned jurisprudence, Molyneaux *511 did not commit a battery nor is he liable in damages for false arrest.
Wall and Martin, on the other hand, physically seized and arrested plaintiff. Wall grabbed plaintiff on numerous occasions and placed plaintiff under arrest. He also fought with plaintiff. Martin assisted Wall in restraining plaintiff and helped to place handcuffs on him. As we have previously determined that the arrest of plaintiff was unlawful, defendants Wall and Martin are liable to plaintiff for damages for false arrest. Additionally, because the initial arrest was unlawful, the physical attack of plaintiff by Martin and Wall constitutes a battery. See Norrell v. City of Monroe, supra. Furthermore, the actions of the police officers also render their employer, Lafourche Parish Sheriff Duffy Breaux, liable for plaintiff's injuries. Taylor v. City of Baton Rouge, 233 So.2d 325 (La.App. 1st Cir.1970), writ denied, 256 La. 255, 236 So.2d 32 (1970); Coutee v. American Druggist Ins. Co., 453 So.2d 314 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 477 (La.1984).
When Bland and Branighan came on the scene, they were unaware that the arrest and restraint of plaintiff that was taking place was not justified. They had every reason to believe their assistance was necessary to effect a lawful arrest. They were sent there as back-up and had no time to inquire into the events leading to plaintiff's arrest before lending assistance. This gave them sufficient "color of legal authority" to shield them from liability for false arrest. See Mitchell v. Windham, 469 So.2d 381 (La.App. 3rd Cir.1985); Kyle v. City of New Orleans, 353 So.2d 969 (La.1977). Under ordinary circumstances the use of reasonable force to restrain an arrestee shields a police officer from liability for battery. The evidence shows Bland assisted in placing the handcuffs on plaintiff, but does not support a finding that his actions were unreasonable or excessive. Accordingly, Bland is not liable to plaintiff for false arrest or battery.
Although Branighan acted under color of legal authority in assisting in plaintiff's arrest, he used excessive force in restraining the prisoner in violation of LSA-C.Cr.P. art. 220 by unnecessarily choking plaintiff. Such excessive force transforms ordinarily protected use of force into an actionable battery, rendering the defendant officer and his employer liable for damages. Kyle v. City of New Orleans, supra; Norrell v. City of Monroe, supra.
We conclude, therefore, that the trial judge was correct in finding defendants Wall, Martin and their employer, Duffy Breaux, Sheriff of Lafourche Parish, liable for false arrest and battery. The trial judge also correctly determined that defendant Branighan and his employer, City of Thibodaux, were liable to plaintiff for battery. However, the trial judge committed manifest error in finding defendants Molyneaux, and his employer, Lafourche Parish Sheriff Duffy Breaux, and Bland, Branighan, and their employer, the City of Thibodaux liable for the tort of false arrest. Additionally, the trial court erred in finding defendants Molyneaux and his employer and Bland and his employer liable for battery.

PLAINTIFF'S ACTION UNDER 42 U.S.C.A. § 1983
Plaintiff claims his action under the Civil Rights Act, 42 U.S.C.A. § 1983[3], was wrongfully dismissed by the trial judge. This action was included with plaintiff's tort suit by way of an amended petition filed more than two years after the *512 injury took place. Defendants all joined in an exception of prescription which was referred to the merits. The trial judge did not rule on the issue of prescription, having decided plaintiff had not proven his § 1983 claim.[4]
42 U.S.C.A. § 1983 imposes liability for violation of rights protected by the United States Constitution, not for violations of duties of care arising out of tort law. Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). The infliction of personal injury on a person by police under color of state law may, in some circumstances, deprive the victim of liberty without due process of law, in derrogation of his rights under the fourteenth amendment to the United States Constitution, thereby allowing recovery of damages under § 1983. Jones v. Hildebrant, 432 U.S. 183, 97 S.Ct. 2283, 53 L.Ed.2d 209 (1977); Shillingford v. Holmes, 634 F.2d 263 (5th Cir. 1981); Hall v. Tawney, 621 F.2d 607 (4th Cir.1980); Johnson v. Glick, 481 F.2d 1028 (2nd Cir.1973).
Judge Rubin of the United States Court of Appeals, Fifth Circuit, succinctly stated the criteria to guide a court in determining whether or not recovery should be allowed under § 1983 in his opinion in Shillingford v. Holmes, supra at 265:

Baker v. McCollan teaches that some state-agent-inflicted injury is so minor as to occasion only a tort claim, not a constitutional invasion. In determining whether the state officer has crossed the constitutional line that would make the physical abuse actionable under Section 1983, we must inquire into the amount of force used in relationship to the need presented, the extent of the injury inflicted and the motives of the state officer. If the state officer's action caused severe injuries, was grossly disproportionate to the need for action under the circumstances and was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience, it should be redressed under Section 1983.
The degree of force exerted and the extent of physical injury inflicted that together amount to a constitutional deprivation must, of course, be determined by the facts of a given case. Baker v. McCollan permits no bright line to be drawn but ineluctably requires case-by-case balancing. (Citations omitted)
In the case sub judice, plaintiff was not seriously injured. The defendants were overly zealous, but did not act with malice. Their actions were excessive and are reprehensible, but not grossly disporportionate to the circumstances. As the trial judge pointed out, plaintiff's own belligerent attitude and obnoxious conduct greatly contributed to the events which transpired subsequent to his leaving the restaurant.
On balance, while plaintiff should be allowed to recover under Louisiana tort law, the actions of the defendants were not so brutal as to "shock the conscience." Shillingford v. Holmes, supra; Johnson v. Glick, supra. We therefore agree with the trial judge that plaintiff should not be allowed to recover under 42 U.S.C.A. § 1983.

DAMAGES
Plaintiff contends that the damages awarded to him by the trial judge are insufficient. He also contends the trial judge erred in not awarding as damages his attorney's fees for defending the criminal charge which arose out of this incident.
The trial judge weighed plaintiff's humiliation, embarrassment and mental anguish together with the scant medical evidence of plaintiff's injuries. However, plaintiff's claim for general damages must be considered in light of his own conduct in provoking the police officer. The insulting language directed at the officers and plaintiff's belligerent attitude were substantial causes of the confrontation which resulted in plaintiff's injury. Therefore, the damages to which he is entitled should be mitigated because of this conduct. Morneau v. American Oil Company, 272 So.2d 313 (La.1973); Johnson v. Powell, 338 So.2d *513 177 (La.App. 2nd Cir.1976); Skains v. Tidwell, 359 So.2d 247 (La.App. 2nd Cir.1978). The trial judge's assessment of damages should not be disturbed absent manifest abuse of discretion, and we find no abuse in his discretion insofar as the award of general damages is concerned.
Generally, the prevailing party in litigation is not entitled to an award of attorney's fees, unless it is specifically authorized by statute or contract. Killebrew v. Abbott Laboratories, 359 So.2d 1275 (La. 1978). Further, even when attorney's fees are allowed, they are subject to review and control by the courts. Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La. 1979). Even though a written agreement may provide for specified attorney's fees, the courts can always inquire into the reasonableness of the fees. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). When an attorney's fee is claimed and allowed, proof of the value of an attorney's service is not necessary where the services are evident from the record and/or are rendered under the supervision of the court. Lokey v. Dixie Buick, Inc., 400 So.2d 322 (La.App. 4th Cir.1981); Babineaux v. Black, 396 So.2d 584 (La.App. 3rd Cir.1981); State Dept. of Highways v. Terrebonne, 349 So.2d 936 (La.App. 1st Cir. 1977), writ denied, 351 So.2d 166 (La.1977).
The above cited law is applicable when attorney's fees are claimed as between the parties in direct litigation. For example, if A sues B, and B prevails and seeks to recover his costs of defense from A. B wins his case but does not recover attorney's fees, unless there is express statutory provision for B to recover attorney's fees. The converse is true should A prevail.
The situation presented in the case sub judice is quite different from the examples given above. Plaintiff herein is not seeking to recover attorney's fees for the prosecution of his tort suit for false imprisonment (which he is clearly not entitled to recover), rather he is seeking to recover attorney's fees incurred as a result of the criminal prosecution for resisting arrest as an item of compensatory damages.
There are numerous Louisiana cases holding that attorney's fees in the criminal proceeding are a proper item of compensatory damages in a subsequent suit for malicious prosecution. Hoff v. Canal Refining Co., Inc., 454 So.2d 188 (La.App. 1st Cir. 1984). Cf. also Graf v. McCrory Corp., 368 So.2d 1217 (La.App. 4th Cir.1979), wherein the proceeding is described as "an action to recover damages ... arising out of his arrest and prosecution."
Although we are fully cognizant of the fact that false arrest (imprisonment) and malicious prosecution are distinct and separate torts, each presenting separate theories of recovery,[5] we fail to see why attorney's fees as an item of compensatory damages should not be allowed in either case. We recognize that jurisdictions throughout the United States are divided on whether attorney's fees are a proper item of damages in a subsequent tort suit for false imprisonment.[6] We believe the better view, and the one that has been at least in part adopted by our brethren of the Fourth Circuit, is that reasonable attorney's fees should be allowed as an item of damages, *514 just as medical expenses, lost wages, etc. are recoverable.[7]
In Graf v. McCrory Corp., supra, the plaintiff was falsely arrested and imprisoned for shoplifting. After appearing in court numerous times, he was finally acquitted. He incurred attorney's fees of $500.00 in connection with the arrest and prosecution. Our brethren of the Fourth Circuit affirmed an award of the trial court which included $500.00 for the costs in attorney's fees to defend the criminal prosecution and the sum of $5,000.00 as general damages.
Some jurisdictions allow plaintiffs to recover attorney's fees in the defense of the criminal prosecution in malicious prosecution suits and deny the attorney's fees as an element of damage in a false arrest or imprisonment action.[8] However, we fail to see why there should be any distinction between reasonable and necessary legal expenses incurred as a result of an unlawful imprisonment and those incurred as a result of a malicious prosecution.
If, as in the instant case, the proximate result of the plaintiff's false arrest is that he is required to defend himself in protracted litigation which terminates in vindication by the Supreme Court, such legal expenses reasonably resulting from the false arrest are a proper item of damages. We agree with the Fourth Circuit and those courts of various other jurisdictions which take the practical view that a person falsely arrested and charged who thereafter opts to defend himself is entitled to recover reasonable attorney's fees incurred as a consequence of the criminal prosecution resulting directly from his false arrest.
In the case sub judice, the trial judge failed to award, as an item of damages, the sum of $1,000.00 which plaintiff incurred in the defense and appeal of the original resisting arrest charge. The bill for the attorney's service was properly filed into the record. Further, an examination of the criminal court proceeding which was filed as an exhibit in this suit clearly indicates that the attorney's fee of $1,000.00 was reasonable for the services rendered. The attorney's fee resulted directly from his false arrest, and we conclude that this is the proper element of damage recoverable in this action for false imprisonment. The legal services also were necessary to exonerate the plaintiff of the charge or stigma resulting therefrom. Additionally, they were reasonable. Therefore, the trial court erred in disallowing as an item of compensatory damages the sum of $1,000.00 that plaintiff incurred as attorney's fees in the criminal prosecution.

CONCLUSION
For the above reasons, the judgment of the trial court in favor of plaintiff and against Molyneaux and his employer, Lafourche Parish Sheriff Duffy Breaux, and Bland and his employer, City of Thibodaux, for false arrest and battery is reversed. The judgment of the trial court against Wall, Martin, and their employer, Lafourche Parish Sheriff Duffy Breaux, for false arrest and battery is amended to increase the award by the sum of $1,000.00 and as so amended is affirmed. The judgment of the trial court against Branighan and his employer, City of Thibodaux, for false arrest is reversed, but the judgment of the trial court against Branighan and his employer for battery is affirmed. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed against defendants Wall, Martin, Lafourche Parish Sheriff Duffy Breaux, Branighan and the City of Thibodaux.
AMENDED IN PART, AFFIRMED IN PART, AND REVERSED IN PART.
NOTES
[1] The reconventional demand of defendants Wall, Martin and Molyneaux was dismissed. This portion of the judgment has not been appealed.
[2] State v. Ross, 409 So.2d 627 (La.1981).
[3] 42 U.S.C.A. § 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
[4] Defendants do not raise the prescription issue in this appeal.
[5] Cf. O'Conner v. Hammond Police Dept., 439 So.2d 558 (La.App. 1st Cir.1983) and Tillman v. Holsum Bakeries, Inc., 244 So.2d 681 (La.App. 4th Cir.1971), writ denied, 258 La. 352, 246 So.2d 199 (1971).
[6] Some jurisdictions only allow a plaintiff to recover attorney's fees as an element of damages for the attorney's services received by the plaintiff for his discharge or release from imprisonment or restraint. Barnes v. District of Columbia, 452 A.2d 1198 (D.C.App.1982). Cf. also Budgar v. State, 98 Misc.2d 588, 414 N.Y. S.2d 463 (N.Y.Ct.C1.1979); 32 Am.Jur.2nd, False Imprisonment, § 140, pp. 203-204, and cases cited in Footnote 7 thereof. However, other courts have held that the plaintiff is entitled to recover attorney's fees incurred by him in defending against a prosecution or action instituted against him in connection with the false imprisonment or arrest. 32 Am.Jur.2nd, False Imprisonment, § 140, pp. 203-204, Footnotes 8 and 9. See, however, Footnote 11. Cf. also, 35 C.J.S., False Imprisonment, § 65 g.
[7] Berberian v. Mitchell, 115 R.I. 149, 341 A.2d 56 (1975); Broughton v. State, 43 A.D.2d 389, 352 N.Y.S.2d 234 (N.Y.App.Div.1974). Cf. also, 32 Am.Jur.2nd, False Imprisonment, § 140, pp. 203-204, Footnotes 8 and 9; and 35 C.J.S., False Imprisonment, § 65 g.
[8] See Footnote 6 supra.